### W. W. Pratt et al. v. J. S. Godwin et al.

(Case No. 4025.)

1. Mortgage — Trusts.— A pre-emptor, before receiving title to the land embraced in his pre-emption claim, mortgaged it to secure a loan, and title issued from the government to the mortgagee before foreclosure. Afterwards the mortgagee conveyed the land by deed to the wife of the mortgagor. In a controversy between parties claiming under the mortgagor and those claiming through the wife, *held*,

(1)·The mortgage neither invested the mortgagee with title or right to possession; being but a security for a debt, the inchoate title of the mortgagor remained in him, subject to be divested by foreclosure.

(2) The mortgagee could not maintain an action of trespass to try title to recover possession of the property, even if invested with the apparent fee simple title, if the transactions which invested him with it were in fact but constituent parts of a contract, which in its entirety would be construed as being a mortgage. Following Edrington *v.* Newland, 57 Tex., 627.

(3) The issuance of the patent to the mortgagee, though it invested him with the legal title, made him a trustee, holding it for the benefit of the mortgagor, subject to the lien on the land for the satisfaction of the mortgage.

(4) The mortgagee acquired no title by the patent which he could convey, except to an innocent purchaser for value, who had no notice of the superior equitable title of the mortgagor.

(5) A conveyance by the mortgagee to the wife of the mortgagor, after the issuance of patent to him, conveyed no beneficial interest which divested the property of its community character.

2. Independent administration — Probate matters.— Irregularities in proceedings had by husband or wife to qualify the surviving spouse to dispose of the community estate, such as pertain to making out an inventory and appraisement, cannot vitiate a sale of the community property.

Error from Parker. Tried below before the Hon. J. A. Carroll.

This was an action brought by J. S. Godwin against W. W. Pratt and Donia Crawford, alleging that their claim of title to the land in controversy was a cloud upon the plaintiff's title thereto, praying for a decree declaring it void, and to quiet him in his title, etc. The land was described in the petition as a part of a tract of three hundred and twenty acres patented to John H. Taylor as assignee of Bluford Haynes, on the 5th day of August, 1859.

The plaintiff deraigned his title in his petition by a conveyance from Taylor to Letsy M. Pratt, the mother of W. W. Pratt, by conveyance, by deed dated October 28, 1859; by deed from G. W. Pratt, the surviving husband of Letsy M. Pratt, made after the death of his wife, to Sam. H. Milliken, who conveyed to A. Thomas, and from Thomas to himself. Plaintiff alleged that the defendants, children and heirs of G. W. Pratt and Letsy M. Pratt,

deceased, claimed to have an interest in the land, which pretended claim constituted a cloud upon his title.

The defendants answered by setting up title in themselves to the land, deraigning their title from their mother, Letsy M. Pratt, by inheritance; alleging that she died possessed of and owning the land as her separate property, the title to which descended and vested in them. They alleged that plaintiff's title was illegal and void, constituting a cloud upon their title. The answer made Alexander Beitz, Jacob Walter and Alonzo Thomas defendants to their answer or cross-bill, alleging that they claimed title to the land and were in possession thereof; they claimed damages against the plaintiff and Beitz, Walter and Thomas for use and occupation, and prayed for decree declaring their titles illegal and void, etc.

Thomas, Beitz and Walter answered the defendants' cross-bill at length, alleging facts giving fully the history of the title under which all parties concerned claimed the land, one of the chief features of which was that which relied on a transaction which transpired before the land was patented to John H. Taylor, as assignee, between Taylor and G. W. Pratt, whereby Taylor paid to Pratt $350 on certain terms, under which the land was mortgaged by Pratt (he then having, as a pre-emptor, an inchoate title to the land), or sold by a conditional sale, as the case may be, upon the law construing the facts of the transaction. That the money was repaid to Taylor in time to entitle G. W. Pratt to have the land reconveyed to him, and that Taylor thereupon conveyed the land to Letsy M. Pratt under circumstances which constituted it community property. That after the death of said Letsy M., G. W. Pratt became duly qualified as surviving husband, by filing bond, inventory and appraisement of the community estate of himself and his deceased wife; that in pursuance of his authority he conveyed the land to Milliken, and that all of them claimed under that title. That the land was placed upon the inventory and appraisement as community property. That Milliken, in good faith, paid G. W. Pratt $400 for the land on the 15th day of October, 1870, without any notice of any adverse claim by W. W. Pratt and Donia Crawford, and G. W. Pratt then executed and delivered to him his warranty deed to the land. That defendant Thomas, in like good faith and without notice of such adverse claim, purchased the land for $800, and acquired the same from Milliken by warranty deed dated November 26, 1872. That he afterwards sold to Godwin, the plaintiff, that portion of the land for which he sued, and also sold and conveyed the residue of the three hundred and twenty

acre tract to Beitz and Walter, and conveyed to those vendees by warranty deeds.

Defendants Thomas, Beitz and Walter alleged possession in good faith, improvements, etc., of the value of $3,867.80.

The cause was submitted to a jury on special issues, and on the findings upon them the court rendered judgment for the plaintiff, J. S. Godwin, and for the defendants, Alonzo Thomas, Jacob Walter and Lawrence Beitz, decreeing title to them respectively, according to their several interests in the land.

*McCall & McCall*, for plaintiff in error, cited: 8 Tex., 180; 16 Tex., 325; 1 Greenl. on Ev., 112, 113; Pasch. Dig., vol. 2, arts. 5466–5474, inclusive, and 5494–5498; 8 Tex., 393; 3 Tex., 129; 30 Tex., 340; 8 Tex., 460; 17 Tex., 149; 25 Tex., 451; 28 Tex., 57; 26 Tex., 550; 2 Perry on Trusts, p. 238, secs. 648–650.

No briefs on file for defendant in error.

WALKER, P. J. COM. APP.— The jury found on the special issues submitted to them, under appropriate instructions as to the constituent elements of a mortgage and a conditional sale respectively, that " the transfer of the land by Pratt and wife to Taylor was a mortgage." The jury found likewise that when John H. Taylor, October 29, 1859, made the deed to Mrs. Letsy M. Pratt, the money paid to Taylor in consideration of said conveyance " was not the individual money of Mrs. Pratt." The jury also found that G. W. Pratt, the husband of Mrs. Pratt, did not consent, before nor at the time of the making and delivery of the deed aforesaid, that the conveyance of the land should be made by said Taylor to his wife, Letsy M. Pratt.

The facts thus found by the jury are decisive of the merits of this case, and upon them no other judgment could properly be rendered than one that must recognize the title of G. W. Pratt as having never passed from him to Taylor; and, also, that if Taylor became clothed with the legal title by virtue of the patent which issued to him, when he divested himself thereof and restored it by his deed of conveyance, that such deed had the effect to convey the legal title to the community existing between G. W. Pratt and his wife, and did not invest Mrs. Pratt with it as her separate property.

The finding that the transaction between Taylor and G. W. Pratt was in legal effect a mortgage, and not a conditional sale, seems to be well justified under the evidence. See De Bruhl *v.* Maas, 54

Tex., 464. But whether it was the one or the other, would not affect the question under the other facts found as above recited, as their effect, if Taylor had been invested with title under a conditional sale which had even become absolute, would be to restore the property to the community, and not to vest it in Mrs. Pratt for her separate benefit. Veramendi *v.* Hutchins, 48 Tex., 531; Zorn *v.* Tarver, 45 Tex., 519; Schmeltz *v.* Garey, 49 Tex., 49.

As between Taylor and G. W. Pratt, the conveyance of the latter to the former (the transaction being a mortgage) did not invest Taylor with title nor a right to the possession of the land. A mortgage is but a security for the debt, the title remaining in the mortgagor subject to be divested by foreclosure. Wright *v.* Henderson, 12 Tex., 43. The mortgagor remains the real owner and entitled to possession. Duty *v.* Graham, 12 Tex., 427. The mortgagee cannot maintain an action of trespass to try title to recover possession of the mortgaged premises, if the transactions which invest him with a formal and absolute fee simple title are in fact but constituent parts of a contract, which, in its entirety, is in fact to be construed as being a mortgage. See Edrington *v.* Newland, 57 Tex., 627.

The title of G. W. Pratt as a pre-emptionist was inchoate or unperfected by patent from the government at the time when Taylor loaned the money to Pratt and obtained the conveyance or assignment from the latter as security for the loan, and by virtue of said instrument the patent was issued to Taylor, which, whilst it invested him with an apparent title, as between himself and Pratt, it constituted the grantee, Taylor, the mere naked holder of the legal title in trust for Pratt. The estate of Pratt was not extended or enlarged by the conveyance of Taylor to Mrs. Pratt; its effect was merely to unite the legal and equitable title where it properly belonged, viz., in the community existing between Pratt and his wife. Taylor never became invested with any title which he could assert against Pratt, nor with such title as he could convey to any other person, unless such person were an innocent purchaser for value and without notice of the superior equitable title of G. W. Pratt.

The real and beneficial title to the land never having been parted with by G. W. Pratt, Taylor possessed none such to convey to Mrs. Pratt. Her husband and herself were the owners in community of the land; and Taylor holding the land through the patent, and having thus the mere naked legal title which he had acquired under circumstances which constituted him a trustee for the Pratts, he possessed no beneficial interest to convey to Mrs. Pratt, nor did he have any other than such mere formal, lifeless title.

The alleged irregularities in the proceedings had by G. W. Pratt to qualify himself to dispose of the community estate after the death of his wife cannot avail the appellants. Mere irregularities in the mode and manner of making the inventory and appraisement of the community property will not vitiate a sale of the community property. Cordier v. Cage, 44 Tex., 533; and see Jordan v. Imthurn, 51 Tex., 286; Lumpkin v. Murrell, 46 Tex., 52.

The merits of this appeal do not require any further consideration of the numerous grounds of error assigned than we have given in this opinion; there is no such error for which the judgment should be reversed, and we conclude that it therefore should be affirmed.

                                                              AFFIRMED.

[Opinion adopted March 25, 1884.]

Judge WATTS, one of the Commission of Appeals, did not sit in this case.