# MORGAN *v.* EGGERS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF INDIANA.

No. 200. Argued April 2, 1888. — Decided April 16, 1888.

Plaintiffs' complaint in ejectment sought to recover " all the north part of lot 2, in section 36, township 38 N. of range 10 W. of the second principal meridian, which lies west of the track of the Lake Shore and Michigan Southern Railroad, and north of a line parallel with the north line of said lot 2, and 753 feet south therefrom." Defendant denied every allegation. The record showed that after the parties had submitted the cause to the court, " the court, having heard the evidence, and being fully advised, finds for the plaintiffs, and orders and adjudges that they are entitled to and shall have and recover of the defendant the possession of so much of said lot 2 as lies south of the south line of lot number 1, as indicated by a fence constructed and maintained by the defendant as and on said south line . . . which the plaintiffs shall recover of the defendant." *Held,*

(1) That though the order embraced both a finding and a judgment, it was not for that reason a nullity;

(2) That it was not a general finding for the plaintiffs, but a finding for them as to the part of the land described in the order, and that the judgment for the possession of this part of the premises was in accordance with the local law of the district in which the cause was tried, Rev. Stat. Indiana, 1881, § 1060;

(3) That this court is bound to assume from the record that the tract described in the order was a part of the premises described in the complaint.

THE case as stated by the court was as follows:

This is an action of ejectment. The complaint, framed in accordance with the local law, describes the premises sought to be recovered as follows: "All of the north part of lot two, in section thirty-six, township thirty-eight north, of range ten west, of the second principal meridian, which lies west of the track of the Lake Shore and Michigan Southern Railroad, and north of a line parallel with the north line of said lot two, and seven hundred and fifty-three feet south therefrom." The answer contains a denial of each allegation in the complaint.

On the 20th of January, 1883, during the November Term of the court below, the following proceedings were had :

" Come the parties, by counsel, and by agreement this cause is submitted to the court for trial, and the court having heard the evidence, and being fully advised, finds for the plaintiffs, and orders and adjudges that they are entitled to and shall have and recover of defendant the possession of so much of said lot two as lies south of the south line of lot number one, as indicated by a fence constructed and maintained by the defendant as and on said south line, said fence running from the state line easterly to Lake Michigan, and assess the damages at $1.00 and costs, taxed at $——, which the plaintiffs shall recover of defendant.

" All of which is finally ordered, adjudged, and decreed."

During the same term, February 5, 1883, the plaintiffs moved that the decision and finding be set aside and annulled, and a new trial granted, for the following reasons : 1. They were contrary to the law and the evidence. 2. The plaintiffs were surprised by a case falsely made by the defendant at the trial, which they had no reason to expect, and therefore did not come prepared to answer at the trial, namely, by his claim, supported only by the testimony of his son, that Jacob Forsyth and the surveyor, Wait, pointed out and agreed upon the line occupied by the fence of defendant mentioned in said decision as the true line of said Eggers' land ; by his claim, supported by his testimony alone, that George W. Clarke agreed with him that the line occupied by said fence was the line between his and said Clarke's land ; by his claim, supported by his own testimony and that of his son only, that a fence had been maintained on the line occupied by the fence, in said decision mentioned, for more than twenty years last past ; and by his claim, supported by the testimony of his son only, that for twenty years past he had occupied all the land as far south as said fence. 3. The court admitted evidence for the defendant against the objection of plaintiffs, and the decision of the court was based on such irrelevant evidence.

On the 6th of March, 1883, the following order was made : " Came the parties by counsel, and the court being fully

advised, now overrules plaintiffs' motion for a new trial; to which the plaintiffs except, and the court allows plaintiffs thirty days in which to file bill of exceptions." No bill of exceptions, showing what occurred at the trial, was filed.

On the 23d of April, 1884, the plaintiffs moved the court, upon written grounds filed, to amend and reform the judgment of January 20, 1883, so that it "shall conform to the complaint in said cause, and to the finding or verdict of the court rendered upon the trial in said cause."

At a subsequent term of the court, June 27, 1884, the motion to amend and reform the judgment of the court, was overruled. To that ruling the plaintiffs excepted, and took a bill of exceptions embodying only the motion to amend and reform the judgment, the order overruling that motion, and the opinion of the court thereon. The court, among other things, said: "It was competent for the court, under the issue, to find to what extent the defendant was guilty or had held unlawful possession of the premises described; and, if under the evidence it appeared that a fence had become or was the boundary of such occupation, it was proper that the fact should be stated in the finding and judgment of the court. The finding and judgment in this instance are not separate and distinct, as perhaps it would have been better to have had them. The meaning, however, is clear. It is as if the entry read in this way: And the court, having heard the evidence, etc., finds and orders and adjudges that the plaintiffs are entitled to and shall have and recover of the defendants, etc."

The errors assigned upon the record are, that the judgment does not pursue the issue and finding thereon rendered and entered of record as the law directs and requires, and that the court erred in refusing to amend and reform the judgment.

*Mr. Edward Roby* for plaintiffs in error.

*Mr. William H. Calkins* for defendant in error. *Mr. A. C. Harris* was with him on the brief.

Mr. JUSTICE HARLAN, after stating the facts in the above language, delivered the opinion of the court.

More than a year elapsed after the refusal of the court to grant a new trial before the motion to amend and reform the judgment was made. If the court had authority to entertain that motion after the expiration of the term at which the judgment was entered, it was properly denied. By the local statute, applicable to the case, the plaintiffs were entitled to recover against the defendants, or either of them, the whole of the premises in controversy, or any part thereof, or any interest therein, according to the rights of the parties. Revised Statutes of Indiana, 1881, § 1060; Revised Statutes of the United States, § 914. The plaintiffs contend that there was, in effect, a general finding for them, as to all the land in dispute, and that the judgment should have been in their favor for the whole of the premises described in the complaint. But the record, fairly interpreted, does not show any such finding. The order of January 20, 1883, embraces both a finding and a judgment. But they are not, for that reason, nullities. *O'Reilly* v. *Campbell*, 116 U. S. 418, 420. That order plainly indicates a general finding for the plaintiffs only as to a part of the land in controversy, that is, as to the part described in the order. The judgment is for the recovery only of the possession of the premises so described. Such a judgment was proper, if the plaintiffs failed to show title to the remaining part of the premises in dispute. As there was no special finding of facts bearing upon the question of title, we must assume that the evidence authorized the finding as to the particular premises awarded to the plaintiffs. They cannot complain that judgment was not rendered in their favor for the part not shown to belong to them.

It was said in argument that the judgment was for land not embraced in the description given in the complaint; that the plaintiffs got a judgment for land not sued for. But this cannot be made to distinctly appear from a comparison of the description in the complaint with the description in the judgment, of the premises recovered.

If the description, in the judgment, of the land recovered was not sufficiently full or accurate, it was in the power of the plaintiffs, at the time the finding was made, or during the same

term, to procure such a reformation of the judgment as would have been proper. Instead of pursuing that course, they preferred to claim — contrary to what, it seems to us, was the manifest purpose of the court — that there was a general finding, without qualification, in their behalf, which should have been followed by a judgment for the whole land. As, however, the finding was in fact and in legal effect, for only a part of the premises in dispute, and as we are bound to assume, from the record, that that part is embraced in the description given in the complaint, the judgment must be

*Affirmed.*