DANIEL et al. v. FELT.

(Circuit Court, E. D. North Carolina. March 7, 1900.)

1. EJECTMENT—EQUITABLE DEFENSE.
    Since equitable defenses are not permitted in actions at law in the courts of the United States, an equitable title to land cannot be interposed as a defense to an action of ejectment.

2. COURTS—EQUITABLE DEFENSE—ACTION AT LAW.
    Rev. St. § 914, providing that the practice, pleading, and modes of proceeding in civil causes in the federal courts shall conform as near as may be to the practice, pleading, and modes of proceeding existing at the time in like causes in the courts of record of the state within which the circuit or district court is held, does not authorize equitable defenses to be made to actions at law in the federal courts.

3. DEEDS—INTEREST COUPLED WITH A POWER—CONVEYANCE WITHOUT REFERENCE TO A POWER—CONSTRUCTION.
    Where a deed conveys to a married woman the title to land, with the limitation "in trust, nevertheless, and for the sole benefit of the said grantee, and of the children of herself and husband," with power "to sell the whole or any part of said land at private or public sale, and on such terms as she may think reasonable, and to invest the proceeds in any manner which she may deem expedient," a subsequent joint conveyance by the grantee and her husband by simple warranty deed, without reference to the power conferred by the former deed to dispose of the interests of their children, must be construed as conveying only the interest of the grantee in the deed of trust, without the exercise of the power to sell the interest of her children.

In Law.

Plaintiffs, children of A. H. Davis and Charlotte E. Davis, brought suit in the superior court of Halifax county, N. C., to recover possession of about 1,300 acres of land, and damages for its detention, which suit was, on petition of defendant, removed to this court, and docketed on the law docket. In 1869, John C. Davis and wife conveyed to Charlotte E. Davis the land referred to by a deed in short and simple form, in which there is the following: "In trust, nevertheless, and for the sole benefit of the said Charlotte E. Davis and the children of the said A. H. Davis and herself. The said Charlotte is to have power to sell the whole or any part of said land at private or public sale, and on such terms as she may think reasonable, and to invest the proceeds in any manner which she may deem expedient." On March 4, 1870, A. H. Davis and Charlotte E. Davis executed a deed, with warranty, to defendant and others, in which the land is not described by metes and bounds, but, among other mesne conveyances, the deed from John C. Davis is referred to, presumably for an identification of the land, but it is not so stated. A. H. Davis died in

1892, and Charlotte E. Davis died in 1896, both intestate, leaving them surviving, plaintiffs, their children, and only heirs at law. In the deed from A. H. and C. E. Davis of March 4, 1870, there is no reference to any power being executed by Charlotte E. Davis, the wife, but it is a joint deed, with joint covenants and warranties. Plaintiffs contend that by the execution of said deed the interest of Charlotte E. Davis only was conveyed, and she did not exercise the power given her by the deed from John C. Davis and wife to dispose of and convey away plaintiffs' interest. Defendant filed a demurrer in this court, and contends: "That the interest of the plaintiffs in said land was devested by said conveyance, and that said conveyance was a due execution of the power of sale conferred in said deed upon Charlotte E. Davis. The plaintiffs are not entitled to recover any interest in said land, and plaintiffs have no title to said land and premises."

Cook & Green, for plaintiffs.
T. N. Hill and R. O. Burton, for defendant.

PURNELL, District Judge (after stating the facts as above). As said by Justice Lamar in delivering the opinion in Johnson v. Christian, 128 U. S. 382, 9 Sup. Ct. 87, 32 L. Ed. 412, there is nothing in the case to except it from the general rule that in the United States courts a recovery in ejectment can be had on the strict legal title only, and that a court of law will not uphold or enforce an equitable title to land as a defense in such action. Bagnell v. Broderick, 13 Pet. 436–450, 10 L. Ed. 235; Hooper v. Scheimer, 23 How. 235, 16 L. Ed. 452; Foster v. Mora, 98 U. S. 425, 25 L. Ed. 191; Langdon v. Sherwood, 124 U. S. 74–85, 8 Sup. Ct. 429, 31 L. Ed. 344. Commenced in the state court as a "civil action" under the Code of North Carolina, and on the law side of the docket in this court, the cause must be determined strictissimi juris, for equitable defenses are not permitted in actions at law in the courts of the United States. The Code practice of combining law and equity in the same suit has not been adopted in the federal courts, but the line of demarkation is sharply maintained as at common law. The statute (section 914, Rev. St.) does not authorize legal and equitable remedies to be blended in one suit (Lindsay v. Bank, 156 U. S. 493, 15 Sup. Ct. 472, 39 L. Ed. 505), or equitable defenses to suits at law (Dwight v. Merritt, 18 Blatchf. 305, 4 Fed. 614; Insurance Co. v. William, 3 Biss. 370, Fed. Cas. No. 11,707; Morgan v. Eggers, 127 U. S. 63, 8 Sup. Ct. 1041, 32 L. Ed. 56; Schoolfield v. Rhodes, 27 C. C. A. 95, 82 Fed. 153; Davis v. Davis, 18 C. C. A. 438, 72 Fed. 81. The contention of the parties in this cause is not a novo impressio. It has been in the courts since Sir Edward Clere's Case, 6 Coke, 17b. The application of the rule is the most difficult in such cases, and not the rule itself. Under the deed from John C. Davis and wife, certainly some interest or estate was vested in Charlotte E. Davis. It is not material whether she had a limited or base fee, with title as tenant by the curtesy to her husband, a life estate with remainder to the children, or any other limited estate. She had an interest. The deed conveyed the title to her, and then limits the title by these words: "In trust, nevertheless, and for the sole benefit of the said Charlotte E. Davis and of the children of the said A. H. Davis and herself." Then follows the power to sell. Here there is an interest or estate coupled with a power. What would have become of the title in case

of her death before she conveyed the land does not enter into the question at issue. She did convey. The question is, what did she convey? In the exercise of a power not referred to in the instrument, conveyance, or will the intention will govern, and the reason of the rule is stated by all the authorities to be because the deed, will, or other writing would be a nullity except for the exercise of the power, and has nothing to operate on except the subject-matter of the power. This rule applies to a naked power. This intention may be gathered from the instrument, the subject-matter, and surrounding circumstances. Blake v. Hawkins, 98 U. S. 315, 25 L. Ed. 139; Warner v. Insurance Co., 109 U. S. 357–366, 3 Sup. Ct. 221, 27 L. Ed. 962. In discussing this rule in Lee v. Simpson, 134 U. S., at page 589, 10 Sup. Ct. 636, 33 L. Ed. 1045, and in Johnston v. Knight, 117 N. C. 123, 23 S. E. 92, Mr. Justice Blatchford in the former and Chief Justice Faircloth in the latter use almost the same language, and arrive at identically the same conclusion. Both cases were the construction of a will, and the rule seems to be well-settled by numerous other authorities. But when there is an interest coupled with a power the rule is thus stated in 4 Kent, Comm. marg. p. 335:

"The general rule of construction, both as to deeds and wills, is that, if there be an interest and a power existing together in the same person over the same subject, and an act be done without a particular reference to the power, it will be applied to the interest, and not to the power. If there be any legal interest on which the deed can attach, it will not execute a power. If an act will work two ways, the one by an interest, and the other by a power, and the act be indifferent, the law will attribute it to the interest, and not to the authority."

See, also, 2 Washb. Real Prop. p. 325, § 33; Sugd. Powers, p. 453, § 412; 4 Cruise, Dig. 212,—where many authorities are cited for the rule. The rule is recognized and discussed in Blake v. Hawkins, 98 U. S. 315–326, 25 L. Ed. 139; Warner v. Insurance Co., 109 U. S. 357–366, 3 Sup. Ct. 221, 27 L. Ed. 962, and in Lee v. Simpson, 134 U. S. 590, 10 Sup. Ct. 637, 33 L. Ed. 1046. In the last-cited decision the supreme court seems to adopt as a result of all the American authorities the rule that "the intention to execute must be apparent and clear, so that the transaction is not fairly susceptible of any other interpretation." Instead of modifying the rule, it is recognized in all the decisions. The meaning of the expression in the rule, "a power coupled with an interest," is discussed in Hunt v. Rousmanier, 8 Wheat. 203, 5 L. Ed. 589, and defined to be a power which accompanies, or is connected with, an interest. The same rule of construction is recognized in North Carolina as a well-settled rule of property, which will be followed in the courts of the United States. In Exum v. Baker, 118 N. C. 547, 24 S. E. 351, the rule is thus stated by the chief justice delivering the opinion of the court, after citing 4 Kent, Comm. marg. pp. 334, 335, and Towles v. Fisher, 77 N. C. 437:

"When the donee of a power to sell has an interest of his own in the property affected by the power, and makes a conveyance of the property without reference to the power, the construction is that he intends to convey only what he might rightfully convey without the power. When, however, the donee has no interest in the subject of the conveyance, but only a naked power,

then the intent apparent upon the face of the instrument to sell would be deemed a sufficient reference to the power to make the instrument an execution of it, as the words of the instrument could not be otherwise satisfied."

Applying the rule of construction either as a general principle or as a well-settled rule of property in the state wherein the land is situate to the case at bar, the conclusion must be that Charlotte E. Davis and her husband, by the deed of March 4, 1870, conveyed only the interest of Charlotte E. Davis, and did not exercise the power to sell the interest of the children of A. H. Davis and herself. The case is another illustration of the "penny wise and pound foolish" practice of having other than thoroughly competent lawyers to examine titles and draw conveyances, especially when dealing with trustees, married women, and others occupying fiduciary relations. The repairs of errors often cost many times the saving in the first instance. What relief a court of equity might afford it is not proper now to discuss, but, it being an action at law, the court will not look beyond the strict rule of law. An order will therefore be entered overruling the demurrer, and, unless other pleadings shall be filed within 60 days from the entry of such order, judgment will be entered in favor of the plaintiffs and against the defendant pro confesso, in accordance with the prayers of the complaint. It is so ordered.