## WALTERS v. BRISTOW.

### Opinion delivered December 2, 1905.

1. POWER—CONSTRUCTION OF DEED.—The question whether a deed was
   made in execution of a power contained in a will is one of intention, to
   be gathered from the terms of the deed and from the circumstances
   under which it was made. (Page 185.)

2. SAME—ABSENCE OF REFERENCE TO, IN DEED.—While it is not absolutely
   essential, in order that a deed may be executed under a power con-
   tained in a will, that the deed should refer to the power, yet, when
   the deed is silent on that point, and the maker has an interest in the

land that will pass by the deed without regard to the power, this, if not conclusive, is a circumstance tending strongly to show that there was no intention to execute the power. (Page 185.)

3. SAME—CASE STATED.—The owner of land devised it to his widow for her natural life or widowhood, with power to dispose of the property, named her as executrix, and provided that at her death the property should go to his three daughters. The executrix joined with one of the daughters in selling the land for one-third of its value, and conveyed it by deed, with covenant of warranty, which made no reference to the power, or to her letters testamentary. *Held* that the grantees took only the individual interests of the grantors. (Page 185.)

Appeal from Boone Chancery Court; T. H. HUMPHREYS, Chancellor; affirmed.

## STATEMENT BY THE COURT.

In 1876 Matthew Bristow died in Boone County, being at his death the owner of personal and real property in that county. He left a will containing, among others, the following provisions, towit:

### "ITEM 1.

"I give, devise and bequeath to my beloved wife, Martha Jane Bristow, all my estate, both real and personal, that I may be seized and possessed of at the time of my decease, to be hers her natural life or widowhood, for the purpose of her support and for the raising and support and educating my two youngest daughters, Margaret Ann and Belzora C. Bristow, my said estate to be disposed of as my executors hereinafter mentioned shall think proper and right for the purposes above mentioned.

### "ITEM 2.

"At the death or marriage of my beloved wife, Martha Jane, I will and direct that my executor, as soon as convenient, expose either at public or private sale the remainder of my estate, both real and personal, and the proceeds of the same, after paying all necessary expenses, be by them equally divided and distributed among my heirs."

The will directed that Caladonia F. Anderson and John T. Anderson, stepdaughter and stepson, share equally with the children of the testator as devisees under the will, and appointed one Ruble and Mrs. Bristow as executor and executrix, respect-

ively, of the will. Ruble declined to act as executor, and Mrs. Bristow qualified as executrix alone, and took charge of the estate as such.

Afterwards Mrs. Bristow and John T. Anderson and his wife, for the consideration of $325, sold and conveyed the land owned by Bristow to L. L. Lee. They executed a deed in the following words (omitting description of land and other parts not material here): "Know all men by these presents that we, Jane Bristow and J. T. Anderson and A. A. Anderson, his wife, of the county of Boone in the State of Arkansas, for and in consideration of the sum of $325 to us in hand paid by L. L. Lee, of same county and State, the receipt of which is hereby acknowledged, have granted, bargained and sold, and by these presents do grant, bargain, sell and convey unto the said L. L. Lee and unto his heirs and assigns the following described land. * * * To have and to hold the same to the said L. L. Lee and unto his heirs and assigns in fee simple. We covenant to and with the said L. L. Lee that we are lawfully seized of said land, as heirs and legatees of Matthew Bristow, deceased; that we have a right to sell and convey the same, and that we will, and our heirs and legal representatives shall and will, warrant and forever defend the title thereto against all lawful claims and demands whatsoever. In testimony whereof we have hereunto set our hands this 22d day of January, 1887. [Signed] John T. Anderson, A. A. Anderson, M. J. Bristow."

Lee sold the land to J. H. Walters. Walters brought this action to quiet his title to the land. The heirs of Matthew appeared, and filed an answer, denying that plaintiff was the owner of the land, except the life estate of Mrs. Bristow, and the interest of Anderson as devisee under the will.

The chancellor found in favor of the defendants, and dismissed the petition for want of equity, and Walters appealed.

*G. J. Crump,* for appellant.

1. Under the will the executrix had power to convey the fee in the estate. 153 U. S. 367. overruling 104 U. S. 291.

2. The power was properly executed. If a conveyance would have some effect if referred to an interest, but would not have full effect without reference to a power, it should have

effect by reference to the power. 53 Ark. 185, 189, and cases cited.

*J. W. Story* and *B. B. Hudgins,* for appellees.

1. Item 1 of the will conveyed to the widow (executrix) only an estate for life or during widowhood. She had no power to convey the fee in the estate. 51 Ark. 61; 52 Ark. 113.

2. If, from the circumstances or the instrument executed, it be doubtful as to whether it was the intention to execute the power possessed by the grantor, it will not be held that by such act or conveyance that power was in fact executed. 43 S. W. 791 and cases cited.

RIDDICK, J., (after stating the facts.) This is an appeal from a judgment of the Boone Chancery Court. The two questions discussed by counsel are, first, did the executrix under the will of Matthew Bristow have power to convey a fee in the land, and, second, if she had such power, was the deed made by her and Anderson made under such power? or, in other words, did she by such deed execute the power?

It is very clear that Mrs. Bristow took only a life estate under the will. But whether she had under the will power to convey the fee for the purposes therein named, we need not determine, for to our minds it is plain that, if such power existed, it was never executed.

The question of whether a deed is made in execution of a power contained in a will is one of intention, to be gathered from the terms of the deed and from the circumstances under which it was made. It is not absolutely essential that a deed should refer to the power in order to execute it; but when the deed is silent on that point, and the maker has an interest in the land that will pass by the deed, without regard to the power, this, if not conclusive, is a circumstance tending strongly to show that there was no intention to execute the power. *Ridgely* v. *Cross,* 83 Md. 161; *Patterson* v. *Wilson,* 64 Md. 193; *Lee* v. *Simpson,* 134 U. S. 572; *Blake* v. *Hawkins,* 98 U. S. 315; *Lanigan* v. *Sweany,* 53 Ark. 185.

. Now, in this case Anderson, one of the devisees under the will, joined in the deed with Mrs. Bristow. If the intention was to execute the power in the will, there was no occasion for one of

the devisees to join in the deed.    The fact that one of the devisees joined in the deed with the widow, taken in connection with the fact that they sold the land for about one-third of its actual value, that the widow did not convey as executrix, and that the deed makes no reference whatever to the power, goes to show that they were only selling their individual interests in the land, and that there was no intention to execute the power.    The language of the deed clearly indicates this, for the grantors therein covenant that they are "lawfully seized of said land as heirs and legatees of Matthew Bristow, deceased."

On the whole case, we are of the opinion that there was no execution of the power contained in the will, and that the grantee under the deed took only the individual interests of Mrs. Bristow and Anderson in the land.    It follows that the judgment of the chancellor was right, and it is therefore affirmed.