## TEXAS PAC. COAL & OIL CO. et al. v. NORTON et al.   (No. 9708.)*

(Court of Civil Appeals of Texas. Fort Worth. Jan. 14, 1922. Rehearing Denied March 4, 1922.)

**1. Husband and wife ⬩276(2)—Survivor's bond in amount less than total inventory is valid as against collateral attack.**

A survivor's bond in an amount less than the total inventory value of the estate is valid as against a collateral attack, and, should the record be silent, it will be presumed that a bond was made.

**2. Appeal and error ⬩757(3)—Objection that appointment of administratrix was invalid because inventory did not list community debts overruled, in absence of evidence thereof in appellee's brief.**

In a proceeding to cancel a lease signed by the deceased owner's widow, an objection that the widow's appointment as community administratrix is invalid because the inventory and appraisement did not have a list of all community debts due the estate, cannot be sustained where no evidence is cited in appellee's brief and it is not shown that there were any debts owing to the estate when she became community administratrix.

**3. Husband and wife ⬩276(6)—Where order appointing was dated prior to date of application, it will be assumed that the clerk made a mistake in copying.**

As respects the validity of a sale by community administratrix, where her order of appointment bore a date one day after the application for appointment, under the presumption that the county judge did his duty, it must be assumed that the clerk in copying the minutes made a mistake as to the date of the application or order of appointment.

**4. Husband and wife ⬩276(6)—Irregularity in making of inventory to community property will not vitiate sale.**

Mere irregularities in the mode and manner of making an inventory and appraisement of the community property of an estate will not vitiate a sale of such property.

**5. Principal and agent ⬩126(6)—Conveyance cannot be sustained by referring it to power party had but failed to exercise.**

If from the instrument itself, or from the circumstances attending it, it appears that it was not the intention of the party executing the instrument to be construed, to execute any power derived from another person, then such instrument, although it will not be effective to

---

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused April 19, 1922.

convey any title otherwise, cannot be sustained by referring it to the power which the party had but failed to exercise.

**6. Husband and wife ⚷⇒276(6)—Words "for myself and as administratrix," in lease signed by owner's widow, held not to be descriptio personæ, but to show intention to transfer interest of estate.**

Where coal and oil lease by community administratrix was signed by her, "Mrs. N., for Myself and as Administratrix for the Estate," though in the lease the lessor was described as "Mrs. N., a widow," and she acknowledged the execution of the lease individually and "in my capacity therein stated," and in subsequent conveyances of the mineral rights by her and her children the validity of the lease was recognized, the instrument conveyed the interest of the community estate, in view of Vernon's Ann. St. 1914, arts. 3600, 3609, and the contention that the words "as administratrix," etc., were mere descriptio personæ must be rejected.

Appeal from District Court, Stephens County; W. R. Ely, Judge.

Suit by Mrs. A. Norton and others against the Texas Pacific Coal & Oil Company and another, in which Mrs. Norton took a nonsuit as to her individual claim and the court instructed a verdict in favor of the other plaintiffs against both defendants, and from the judgment thereon the defendants appeal. Reversed, and judgment rendered for the defendants.

W. J. Oxford, of Stephenville, John Hancock, and W. B. Powell, both of Fort Worth, and Penix, Miller, Perkins & Dean, of Mineral Wells, for appellants.

Goggans, Bateman & Leaverton and John F. Evans, all of Breckenridge, and B. O. Baker, of Dallas, for appellees.

BUCK, J. Mrs. M. A. Norton, a widow, and her children, E. B., J. E., Lydia, a feme sole, Clark, a minor by next friend, and Mrs. Hudie Smith, joined by her husband, E. W. Smith, and three other parties, Jack and Will Black and B. S. Walker, filed suit against the Texas Pacific Coal & Oil Company in the form of trespass to try title to certain described lands situated in Stephens county. Plaintiffs alleged: That plaintiffs Will Black, Jack Black, and B. S. Walker owned said land prior to and since August 19, 1916, and that the other plaintiffs had a homestead interest in said land. That the two Blacks and Walker owned a one-fourth mineral interest in part of said lands, and that the said lands were and are the community estate of Mrs. M. A. Norton and her deceased husband, J. K. Norton, prior to August 19, 1916. That on said last-named date the defendant the Texas Pacific Coal & Oil Company began claiming an interest in said lands, by virtue of a claimed mineral lease

to it from Mrs. M. A. Norton, of August 19, 1916. That the Mid-Kansas Oil & Gas Company claimed an interest in said lands by virtue of an assignment from the Texas Pacific Coal & Oil Company of said purported lease. That on August 19, 1916, Mrs. M. A. Norton owned an undivided one-half interest in said land and her children owned the other one-half undivided interest, and that none of the plaintiffs save Mrs. Norton signed said lease. It was further alleged that said lease was void for unilateralness, etc. The plaintiffs sought to have said lease canceled for various reasons, but only one reason need to be here noticed. J. K. Norton died intestate in 1904. His widow, Mrs. Mattie A. Norton, applied for letters of community administration. The application appears to have been dated June 9, 1904, and on June 8th the order appointing Mrs. Norton community administratrix shows to have been made. On June 9th Mrs. Norton took the oath and her bond was approved. On the same day the inventory and appraisement was returned into court and duly approved by the county judge. The inventory showed property of the value of $7,475 belonging to the estate and an indebtedness of $4,466 against the estate. The bond was only in the sum of $3,000, virtually for the net value of the estate instead of for an amount equal to the total value. Mrs. Norton acted as community administratrix up to the date of the lease by her to the defendant Texas Pacific Coal & Oil Company and subsequently. The lease was signed by "Mrs. M. A. Norton, for Myself and as Administratrix for the Estate," though in the lease the lessor is described as "Mrs. J. K. Norton, a widow." Mrs. Norton acknowledged the execution of the lease individually and "in the capacity therein stated." The rental each year to August 19, 1921, $167 a year, was paid either to Mrs. M. A. Norton or to a bank in Ranger, and there is no claim by the plaintiffs that payments were not finally received by the parties entitled to them.

In subsequent conveyances of the mineral rights by Mrs. Norton and her children, the validity of the lease to the Texas Pacific Coal & Oil Company is recognized. It was also shown that the taxes on the estate were paid for the year 1916. In March, 1919, Mrs. Norton executed partition deeds to certain of her children. J. E. Norton, one of the children, testified that subsequent to the execution of these deeds Mrs. Norton did not act as community administratrix.

A trial was had. Mrs. Norton took a nonsuit as to her individual claim. The court instructed the jury to find for the other plaintiffs against both defendants, which the jury did, and the court then rendered judgment for plaintiffs, and the defendants have appealed.

---

⚷⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In discussing the questions raised on this appeal, we will consider the reasons advanced by appellees in support of the judgment, rather than the assignments of appellant. The first reason is that Mrs. Norton at the time of executing the purported lease had not legally qualified as community survivor: (a) Because the inventory and appraisement returned to the court did not have attached thereto a list of all community debts due the state; (b) because no proper bond was given, and no such bond was on file at the time of executing said purported lease; (c) because no legal order was entered by the probate court authorizing her to control, manage, and dispose of the community estate.

[1] The statement of facts shows that after the bond for $3,000 was given by Mrs. Norton as community administratrix that one of her bondsmen, O. S. Martin, filed an application in the probate court to be relieved from further liability on the bond, that a citation was issued in Stephens county to Mrs. Norton to show cause why she should not make a new bond, and that subsequently an order was entered requiring a new bond, and that Mrs. Norton filed a new bond on November 15, 1915, in the sum of $2,000, with two sureties thereto, which bond was duly approved by the county judge. This last bond appears to have been signed by Mrs. M. A. Norton as principal, and J. H. Norton and W. C. Goodwin as sureties. It will be remembered that this is a collateral attack on the validity of the probate proceedings. A survivor's bond in an amount less than the total inventory value of the estate is valid as against a collateral attack. Simpkins on Administrations, p. 398; Jordan v. Imthurn, 51 Tex. 276; Pratt v. Godwin, 61 Tex. 331; Reeves v. Fuqua (Tex. Civ. App.) 184 S. W. 682; Linskie v. Kerr (Tex. Civ. App.) 34 S. W. 765. Should the record be silent, it will be presumed that a bond was made. Moody v. Butler, 63 Tex. 210. The case of Brown v. Seaman, 65 Tex. 628, involves a direct attack on the validity of probate proceedings, and is not applicable here.

[2] But it is urged that Mrs. Norton's appointment as community administratrix is invalid because the inventory and appraisement returned to the court did not have attached thereto a list of all community debts due the estate. It is sufficient to say that no evidence is cited in appellees' brief, nor do we find any in the statement of facts that there were any debts owing to the estate at the time Mrs. Norton became community administratrix. Hence we conclude that no defect was shown in the appraisement as made by Mrs. Norton and the appraisers in their report.

[3, 4] It is further urged that the authority of Mrs. Norton to convey an interest in one-half of the estate inherited by her children from their father is not shown, inasmuch as the order appointing her as community administratrix was dated June 8th, and her application to be appointed was dated June 9th. In support of the validity of the proceedings, and the presumption that the county judge did his duty, we must assume that the clerk in copying the minutes made a mistake as to the date of the application, or of the order appointing Mrs. Norton. Dancy v. Strickline, 15 Tex. 557, 65 Am. Dec. 179; Baker v. Coe, 20 Tex. 430; Withrow v. Adams, 4 Tex. Civ. App. 438, 23 S. W. 437, writ refused; Burdett v. Silsbee, 15 Tex. 604; Sealey v. Mutual Land Co. (Tex. Civ. App.) 184 S. W. 1073, writ refused. All reasonable presumptions will be indulged in favor of the validity of a judgment of the probate court in the community administration. Tholl v. Speer (Tex. Civ. App.) 230 S. W. 456. In Pratt v. Godwin, 61 Tex. 331, it is said:

"Mere irregularities in the mode and manner of making the inventory and appraisement of the community property will not vitiate a sale of the community property."

[5, 6] Another reason urged by appellees why the judgment below should be sustained is that—

"Where one has an estate in the land, and also a power over the same a conveyance thereof will be considered as affecting his estate therein only, and not as executing the power."

It is urged that the lease from Mrs. Norton to the defendant Texas Pacific Coal & Oil Company, under which the Mid-Kansas Oil & Gas Company claimed, fails to specifically show that Mrs. Norton intended to convey the interest therein mentioned as community administratrix as well as individually. It will be remembered that the lease described the lessor at the beginning of the instrument as "Mrs. J. K. Norton, a widow," and that she signed it as "Mrs. M. A. Norton, for Myself and as Administratrix for the Estate." The acknowledgment shows that Mrs. M. A. Norton executed the instrument "for the purpose and consideration therein expressed and in the capacity therein stated."

In Hill v. Conrad, 91 Tex. 341, 43 S. W. 789, Judge Brown says:

"The rule which we deduce from the American authorities is, that a trustee or donee of a power may execute the power conferred upon him by an instrument which does not refer to the power itself, but in such case to make the execution of the power valid it must appear from the instrument or from the attending circumstances that the donee or trustee did in fact act under and by virtue of the power conferred upon him to dispose of the property in question and that it was his intention to dispose of the property in accordance with the power so conferred. If from the circumstances or the instrument executed it be doubtful as

to whether it was the intention to execute the power possessed by the grantor, then it will not be held that by such act or conveyance that power was in fact executed"—citing authorities.

In Exum v. Baker, 118 N. C. 545, 547, 24 S. E. 351, it is said:

"When the donee of a power to sell has an interest of his own in the property affected by the power, and makes a conveyance of the property without reference to the power, the construction is that he intends to convey only what he might rightfully convey without the power. * * * When, however, the donee has no interest in the subject of the conveyance, but only a naked power, * * * then the intent apparent upon the face of the instrument to sell would be deemed a sufficient reference to the power to make the instrument an execution of it, as the words of the instrument could not be otherwise satisfied."

See, also, Daniel v. Felt (C. C.) 100 Fed. 727; Walters v. Bristow, 77 Ark. 182, 91 S. W. 305, 113 Am. St. Rep. 136.

If, from the instrument itself or from the circumstances attending it, it appears that it was not the intention of the party who executed the instrument to be construed to execute any power derived from another person, then such instrument, although it will not be effective to convey any title otherwise, cannot be sustained by referring it to the power which the party actually had, but failed to exercise. Hill v. Conrad, 91 Tex. 341, 43 S. W. 789; Jay v. Stein, 49 Ala. 514.

Mrs. Norton did not testify in the case, and no testimony outside of the instrument itself was offered directly upon the point of the intentions of Mrs. Norton in executing the instrument individually, or as community administratrix, or as both. It is urged by appellees that the description of the lessor, followed by her signature, to wit, "for Myself and as Administratrix for the Estate," did not indicate the capacity in which she executed the instrument but was merely descriptio personæ. It will be remembered that the evidence shows that Mrs. Norton prior to and subsequent to the date of this lease was acting as community administratrix, paying the debts due by the estate, and collecting the revenues therefrom. She describes herself as "Mrs. J. K. Norton," using her deceased husband's initials, and signs the instrument for herself and as administratrix of the estate. The evidence shows that the taxes for 1915 were due and unpaid at the time of the execution of the lease.

Article 3600, V. S. Tex. Civ. Statutes, formerly article 2227, provides:

"When the order mentioned in the preceding article has been entered, such survivor, without any further action in the county court, shall have the right to control, manage and dispose of such community property, real or personal,

in such manner as may seem best for the interest of the estate and of suing and being sued with regard to the same, in the same manner as during the lifetime of the deceased," etc.

Under article 3609 the wife who qualifies as community administratrix has the same right to control and dispose of the community property of herself and deceased husband as is given to the husband in case he survives, so long as the wife shall remain unmarried. In a subsequent conveyance by Mrs. Norton to Walter S. Hoyt, dated November 15, 1919, to a one-fourth interest of the mineral rights in one of the tracts belonging to the community estate, the conveyance contains the following recital:

"This conveyance and assignment is subject to a certain oil and gas lease executed by Mrs. M. A. Norton for herself and as community administratrix of herself and J. K. Norton, deceased, to Texas & Pacific Coal Company, dated August 19, 1916, * * * to which reference is here made."

In another instrument by Clark Norton and wife, and another by E. B. Norton and wife, there is a specific recognition of the existence of this lease as covering the interest of Mrs. Norton and her children.

Hence we conclude that the evidence unmistakably shows that in executing the lease to the Texas & Pacific Coal Company (the name later changed to Texas Pacific Coal & Oil Company) that Mrs. Norton intended to convey the interest of the community estate, and that the trial court erred in rendering judgment for plaintiffs and in canceling the lease in so far as the children and other plaintiffs were concerned.

The judgment of the trial court will therefore be reversed, and judgment here rendered for appellants.