IRA GREEN v. J. L. GRISSOM.

(*Case No. 4090.*)

1. CONTROL OF SURVIVING WIFE OVER COMMUNITY PROPERTY.— STATUTE CONSTRUED.— The fact that a surviving wife did not sign and swear to an inventory of the community property of herself and her deceased husband, under the act of August 26, 1856 (Pasch. Dig., art. 4648), before selling the land thus owned, will not in a collateral proceeding affect the validity of her deed, there being no charge of fraud, or that the land was sold for an improper purpose, if it appear that the land was valued by appraisers appointed by the court and their appraisement entered of record.

2. SALE OF COMMUNITY PROPERTY BY WIDOW.— See statement of case for facts held sufficient to authorize conveyance of community land by surviving wife when her action was attacked in a collateral proceeding.

APPEAL from Ellis. Tried below before the Hon. George N. Aldridge.

Suit brought by J. L. Grissom to recover an undivided one-half of the land described in his petition, claiming the same as heir of and purchaser from the other heirs of Moses S. Grissom, deceased. The defendant, Ira Green, answered by general demurrer and plea of not guilty. Green claimed title under a deed from Rebecca Grissom, the surviving wife of Moses S. Grissom, deceased.

The evidence established the following facts: That the land in controversy was the community property of Moses S. Grissom and his wife, Rebecca Grissom, at the time of the death of Moses S. Grissom in 1858; that Rebecca Grissom, as surviving wife, made, in 1863, a deed to that land, under which Ira Green, through mesne conveyances, claims; that the plaintiff J. S. Grissom had all the right and title of five of the children and heirs of Moses S. Grissom, and that no other children were living.

The defendant relied on the following proceedings, had in the proper court, pertaining to estate of M. S. Grissom, viz.:

"No. 105. In the matter of the estate of M. S. Grissom, deceased.— Appointment of appraisers.

"Now at this term comes Rebecca Grissom, widow and survivor of M. S. Grissom, deceased, and asks for the appointment of appraisers of the estate of her husband, under the act of August 26, 1858. Whereupon, on due consideration of the premises, it is ordered by the court that E. M. Brock, N. R. Simes and J. N. George be, and they are hereby, appointed appraisers to appraise the estate of said decedent.

" In the matter of estate of M. S. Grissom, deceased.— Filing of inventory.

"Now, on the 27th of September, A. D. 1858, is filed an inventory of the property belonging to the estate of M. S. Grissom, deceased.

" In the matter of estate of M. S. Grissom, deceased.— Inventory filed September 27, 1858.

" THE STATE OF TEXAS, } September 7, 1858.
    *County of Ellis.*

"We, the undersigned commissioners, appointed at the August term of county court, for transaction of business, proceed to appraise the property belonging to the estate of M. S. Grissom, as follows, to wit:

"One tract of land as per deed from

| | |
|---|---|
| " E. M. Brock,    -      -      -      -      - | $400 00 |
| " Edmondson tract of land,    -      -      - | 157 50 |

"[Personal property omitted.]

"Witness our hands this September 7th, 1858.

                      "E. M. BROCK,
                      "J. A. GEORGE,
                             "*Appraisers.*"

These proceedings were followed by an affidavit made by the appraisers that the above was a true and correct inventory of the property belonging to the estate so far as the same had come to their knowledge. No other proceedings pertaining to the action of the court were in evidence.

The case was submitted without the intervention of a jury, and judgment rendered for the plaintiff for the land.

*Anderson & Bro.* for appellant.

*P. J. Nash & W. H. Fears* for appellee.— The surviving wife, to qualify under the act of August, 1856, to manage and dispose of the community property of her deceased husband and herself, must file an inventory signed and sworn to by her. Pasch. Dig., arts. 1299, 1300, 4648; Cordier v. Cage, 44 Tex., 533, 534; Long v. Walker, 47 Tex., 177.

BONNER, ASSOCIATE JUSTICE.— Under the agreement of counsel there is but a single question presented for our consideration in this case: the legal effect, under the community act, August 26, 1856 (Pasch. Dig., art. 4648), of the proceedings taken by Mrs. Rebecca Grissom, surviving wife of M. S. Grissom, deceased, to invest her with the power of sale of

his half interest in their community lands, under sale of same, by virtue of which power appellant Green claims title.

It is contended by appellee J. L. Grissom, that as Mrs. Grissom did not sign and swear to an inventory of this property, the proceedings were insufficient, under the statute, to vest in her this power of sale.

This court has firmly upheld proceedings under this and subsequent statutes on this subject, where they seemed to have been taken in good faith for the legitimate purposes contemplated by these acts, and when in substantial compliance with their spirit and intention. Dawson *v.* Holt, 44 Tex., 174; Cordier *v.* Cage, 44 Tex., 532; Long *v.* Walker, 47 Tex., 173; Jordan *v.* Imthurn, 51 Tex., 276.

In Cordier *v.* Cage it was said: " In the case of Dawson *v.* Holt, *supra,* we decided that the act of 1856 was intended and designed by the legislature to afford an easy and speedy mode of managing and controlling community estates, and to allow a survivor to manage, sell or dispose of it, relieved of the trammels thrown around such estates prior to that time, and that it was entitled to a liberal construction." 44 Tex., 535.

In the subsequent case of Long *v.* Walker, 47 Tex., 173, it was held that a defective inventory was not sufficient to avoid the sale.

In the case under consideration, Mrs. Grissom made application in open court to file inventory and have the property appraised under the provisions of the statute. The court appointed appraisers, an inventory was returned and filed, and as to this land accomplished all the practical objects of an inventory, signed and sworn to, and seems to have been accepted as such by the court. Each tract was separately valued by the appraisers appointed by the court, and the proceedings entered of record.

There is no pretense of any intention to defraud the heirs of the deceased husband, and the presumption would arise that the land was sold for a legitimate purpose; and hence it would seem that the proceedings were in good faith, were

accepted by the court as sufficient, and thus acted upon by the surviving wife and the purchaser.

. Under all the circumstances, we are of opinion that the omission complained of was rather an irregularity which cannot be taken advantage of in a collateral action, than such fundamental omission which would render the proceedings wholly void. Jordan *v.* Imthurn, 51 Tex., 287.

In our opinion there was error in deciding that the proceedings taken by Mrs. Grissom were not sufficient to invest her with power of sale of this property, for which the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered June 15, 1880.]