BUSBY AND SCROGGINS v. G. W. DAVIS ET AL.

(Case No. 3272.)

1. COMMUNITY — QUALIFICATION OF SURVIVOR OF.— Where the only evidence that the wife had qualified as survivor of the community consisted of an application by her, under the statute, for the appointment of three named appraisers, and of an instrument on file in the county court, sworn to by two of these persons, purporting

to be an appraisement of the property belonging to the estate of the deceased husband: *Held*,

(1) That the latter instrument conveyed no notice that the wife was seeking to qualify, under the statute, as survivor of the community.

(2) In the absence of any order of court and of anything showing that the inventory was made or filed by the wife, that the evidence was insufficient to show that she had qualified under the act of August 26, 1856.

APPEAL from Ellis. Tried below before the Hon. H. Barksdale.

*E. P. Anderson & Bro.* and *Hancock, West & North,* for appellants.

*A. A. Kemble,* for appellee.

GOULD, CHIEF JUSTICE.—The judgment in this case must have been rendered on the ground that the land in controversy was the community property of J. W. Busby and his wife Mary, and that the conveyance by Mary Busby to D. G. Ransom, made after her husband's death, was valid, because previous to making said conveyance she had filed in the county court an inventory and appraisement of all the community property of herself and her deceased husband, and had otherwise so fulfilled the requirements of the statute that she was authorized to dispose of the community estate. Pasch. Dig., arts. 4648, 4652.

The record shows a petition by her, as surviving wife of J. W. Busby, for the appointment of Nicholas Sims, John Guye and Wright Edmundson as appraisers "of the property of said estate," the petition referring expressly to the act of August 26, 1856, containing the articles above cited. This petition is dated August 30, 1858. No order of court appointing appraisers is shown, but on October 13th, N. P. Sims and Wright Edmundson, styling themselves commissioners appointed by the county court, and professing to act in compliance with the "above appointment," subscribed and swore to an instrument in which they say that they "valued all the property rendered belonging to the estate of John M. Busby, deceased." This document is subscribed by the appraisers alone, is sworn to by them only, as a correct inventory of the property belonging to the estate of John W. Busby, deceased, so far as the same had been pointed out to them, and is marked by the clerk of the county court filed October 13, 1858; no further action of Mrs. Busby is shown, nor does anything else appear affecting the question of Mrs. Busby's authority to dispose of the community property.

The decisions of this court have been very liberal in supporting efforts by the survivor of the community to comply with the requirements of the act of August 26, 1856. Dawson *v.* Holt, 44 Tex., 174; Cordier *v.* Cage, 44 Tex., 532; Jordan *v.* Imthurn, 51 Tex., 276; Green *v.* Griscom, 53 Tex., 432. But in our opinion the " inventory and appraisement" in this case is more defective than any which has heretofore been held sufficient. Not only is there an absence of any order whatever of the court or county judge, and of anything showing that the inventory was made or filed by Mrs. Busby, but the inventory does not purport to be " an inventory and appraisement of all the community property of" herself and her deceased husband, as required by the statute. It purports to be only an inventory of the property belonging to the estate of John W. Busby. The filing and record of such an instrument would convey no notice that Mrs. Busby was seeking to qualify herself to dispose of the property inventoried as community property of herself and her deceased husband. It may be that any one finding this instrument on record, and finding Mrs. Busby's petition also on file, would be led to infer that the " inventory and appraisement " was designed to be of the community estate of Mrs. Busby and her deceased husband. The difficulty remains that the " inventory and appraisement " does not purport to be such as the statute requires, but does purport to be something essentially different. We think that the evidence failed to show that Mrs. Busby had qualified as survivor of the community under the statute of 1856. As this conclusion is fatal to the judgment, and as the case is one which we think should properly be remanded for another trial, we purposely abstain from discussing the sufficiency of the evidence to establish that the land was the separate property of J. W. Busby.

It is perhaps proper to add that we see nothing in this case calling on us to revise the action of the court in granting a new trial at a former term.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered June 13, 1882.]