### TOWNSEND et al. v. P. J. WILLIS & BRO. et al.

(Circuit Court of Appeals, Fifth Circuit. February 2, 1897.)

#### No. 456.

ADMINISTRATOR OF COMMUNITY PROPERTY—APPROVAL OF BOND—COLLATERAL ATTACK.
The statutes of Texas provide (Rev. St. 1895, art. 2222 et seq.) that a husband who survives his wife, in order to be appointed administrator of and authorized to sell the community property, must give a bond conditioned for faithful administration of such property and payment of one-half to the persons entitled, which bond shall be approved by the county judge, whose order of approval shall be recorded in the minutes of the court which has general jurisdiction in probate matters. *Held*, that an order so made is in effect a judgment of the court, and is not void or open to attack in a collateral proceeding, although the bond accepted and approved by it does not conform to the statutory requirements.

Appeal from the Circuit Court of the United States for the Northern District of Texas.

This suit was originally begun in the district court of Erath county by appellants, all of whom are citizens of the state of Texas, against P. J. Willis & Bro., a corporation duly incorporated under the laws of the state of West Virginia, and F. C. Oldham, a citizen of Texas. On the application of P. J. Willis & Bro., the cause was removed to the United States circuit for the Northern district of Texas, and there, on motion, the court ordered that the pleading should be recast so as to conform to the rules of equity practice, whereupon appellants filed their amended bill, therein alleging that they inherited from their mother an undivided half interest in the lands described in said bill; that their father, F. C. Oldham, after the death of their said mother, undertook to qualify, under the laws of Texas, as survivor of the community, and thereafter conveyed the lands in question to P. J. Willis & Bro., in settlement of indebtedness, all of which accrued, as appellants claim, after the death of their said mother; that the attempted qualification of F. C. Oldham, as survivor, was absolutely void and of no effect whatever; specifically charging as follows:

"And plaintiffs allege: That thereafter, on the 21st day of April, 1890, F. C. Oldham filed in the probate court of Erath county, Texas, an application for appointment as community administrator of the community estate of himself and his deceased wife, M. V. Oldham, which was by said court on said day allowed, and appraisers appointed to inventory and appraise said estate, which inventory and appraisement was returned into said court on April 15, 1890; and thereupon the said F. C. Oldham, being required to enter into a bond as such administrator in the sum of twenty-seven thousand four hundred and eighty dollars, conditioned as the law required, executed and filed with said court a certain pretended bond; and thereupon said court indorsed the same as being filed and approved, and made and had entered on the rec-

ord minutes of said court a certain order as judgment approving said bond, and authorized him to have, dispose of, and sell all the community property of said estate, as shown in said inventory, and which embraced the property hereinbefore described. That said bonds and said indorsements and judgment were and are substantially as follows, to wit:

" 'No. 113. Bond filed May 13th, 1890.

" 'The State of Texas, County of Erath. Know all men by these presents, that we, F. C. Oldham, as principal, and H. A. Smith and A. A. Chapman, as sureties, are held and firmly bound unto the county judge of the county of Erath and state of Texas, and his successors in office, in the sum of twenty-seven thousand four hundred and eighty and 00-100 dollars, conditioned that the above-bound F. C. Oldham, who has been appointed by the county judge of Erath county administrator of the estate of M. V. Oldham, deceased, shall well and truly perform all the duties required of him under said appointment.

" '[Signed]                                    F. C. Oldham.
                                        " 'H. A. Smith.
                                        " 'A. A. Chapman.

" 'No. 113. Decree.

" 'The State of Texas, County of Erath. On this 13th day of May, A. D. 1890, came to be heard the inventory, appraisement, and bond of the survivor of the estate of F. C. Oldham and his deceased wife, M. V. Oldham, the same having been duly considered by the court; and it appearing to the court that said appraisement is fair, just, and reasonable, and a fair valuation placed thereon, and that said bond is sufficient, it is therefore considered, ordered, adjudged, and decreed by the court that said appraisement and bond be, and the same is hereby, in all things approved, and that F. C. Oldham, survivor, be, and he is hereby, authorized to manage, control, and dispose of said community property above inventoried.'

"And which said bond and the order and judgment so rendered and entered was and is erroneous, unauthorized, and unlawful, in this, to wit: (1) Said bond was and is unlawful and void as a bond to protect these plaintiffs, as heirs of M. V. Oldham, because the same shows on its face to be a bond by F. C. Oldham, as the regular administrator of the estate of M. V. Oldham, and not a bond of F. C. Oldham, as community administrator of the community estate of himself and his deceased wife, M. V. Oldham, and there being nothing in said bond or any reference therein to any other writing describing the particular estate that the sureties thereon were liable as such sureties, and nothing in said bond or reference to any writing therein defining and describing the subject-matter of the undertaking of said sureties, and that said bond on its face showing no undertaking on the part of said sureties to be liable in any other way except as shown in said bond, and that said bond is insufficient and incompetent to bind said sureties as sureties for said F. C. Oldham as the community administrator of the community estate of himself and his deceased wife, M. V. Oldham. (2) Said bond was and is erroneous, unlawful, and void, and wholly contrary to law, and insufficient and incompetent as a bond to secure and protect the heirs of M. V. Oldham in their interest in said estate, in this: that said bond is only conditioned that said F. C. Oldham shall well and truly perform all the duties of administrator of the estate of M. V. Oldham, and which is the only condition therein, and is not conditioned, as provided by law in cases of community administration, that said F. C. Oldham will faithfully administer the community estate of himself and his deceased wife, M. V. Oldham, and pay over one-half the surplus thereof, after the payment of the debts with which the whole of said property is properly chargeable, to such person or persons as shall be entitled to receive the same; and therefore said bond is irregular, erroneous, and void, and said sureties were not and are not bound thereby to protect and secure the heirs of M. V. Oldham their interest in said property. And (3) because the facts above set forth as to the irregularity, incompetency, and insufficiency of said bond, and because no bond, in fact, was ever made and delivered to said court provided and conditioned as the law requires, by F. C. Oldham, to entitle him to be appointed and authorized to act as the surviving administrator of the community estate of himself and his deceased wife, M. V. Oldham. The action of the court in approving said bond, and the order and judgment thereon made by said court approving the same, and authorizing said Oldham to act as such administrator, and to sell, control, and dispose of said property, was irregular, erroneous, and unlawful, without authority in the court so to

do, and the same was and is void, and the court has no authority to have the same entered on the minutes of said court, and the entire matter as to these plaintiffs in this proceeding was and is void; and said bond and order of the court, as heretofore set out in this petition, is made part of the allegations here now made as to said bond and order."

The amended bill further alleged that, with full knowledge of the facts, P. J. Willis & Bro. received deeds to the property from F. C. Oldham in payment of debts due by him to them, and which accrued subsequent to the death of their mother, M. V. Oldham; that all the community debts of F. C. Oldham and his deceased wife had been fully paid prior to the conveyances to P. J. Willis & Bro., out of community assets; and that F. C. Oldham, at the time of said conveyances, was insolvent; and that P. J. Willis & Bro. had full notice of all these facts. The prayer of the bill was that said deeds be canceled, and held for naught, and for a partition of the land, and for rents, and for general and special relief.

The defendant P. J. Willis & Bro. demurred to the amended bill on these grounds: (1) That complainants were not entitled to the relief prayed for. (2) That it appeared that administration had been opened on the estate of M. V. Oldham, and the defect in the bond was a mere irregularity, and the bond was in substantial compliance with the law, wherefore the said bill is insufficient. (3) That it appeared by said bill that, if said bond was defective, yet a court having jurisdiction had declared the same sufficient, and had entered an order declaring said F. C. Oldham administrator of the community property of himself and deceased wife, and the same was res adjudicata, and for this reason the bill is insufficient. The court sustained the demurrer, and dismissed the bill. From this decree, appellants prosecute this appeal.

W. M. Sleeper, for appellants.
Eugene Williams, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and MAXEY, District Judge.

PARDEE, Circuit Judge (after stating the facts). The provisions of the Revised Statutes of Texas in regard to the administration of community property which are pertinent to the issues in this case are as follows:

"Art. 2219 (2194). The community property of the husband and wife, except such as is exempt from forced sale, shall be liable for all debts contracted during marriage. And in the settlement of such community estates it shall be the duty of the survivor, executor or administrator, to keep a separate and distinct account of all the community debts allowed or paid in the settlement of such estate."

"Art. 2221 (2166). When the wife dies * * * leaving a surviving husband and a child or children the husband shall have the exclusive management, control and disposition of the community property, in the same manner as during her lifetime * * * subject, however, to the provisions of this chapter.

"Art. 2222 (2167). The husband shall within four years after the death of the wife, when there is a child or children, file a written application in the county court of the proper county stating (1) the death of the wife and the time and place of her death. (2) That she left a child or children, giving the name, sex, age and residence of each child. (3) That there is a community estate between the deceased wife and himself. (4) Such facts as show the jurisdiction of the court over the estate. (5) Asking for appointment of appraisers, to appraise such estate.

"Art. 2223 (2168). Upon the filing of such application the county judge shall without citation, and either in term time or vacation, by an order entered on the minutes of the court, appoint appraisers to appraise such estate as in other administrations.

"Art. 2224 (2169). It shall be the duty of the surviving husband, with the assistance of any two of the appraisers, to make out a full, fair and complete inventory and appraisement of such community estate and the husband shall attach thereto a list of all community debts, due the estate, and such inventory, appraisement and list shall be sworn to and subscribed and returned to the court within twenty days from the date appointing appraisers, and in like manner as in other administrations.

"Art. 2225 (2170). The surviving husband shall, at the same time he returns the

inventory, appraisement and list of claims, present to the court his bond, with two or more good and sufficient sureties, payable and to be approved by the county judge, in a sum equal to the whole of the value of such community estate, as shown by the appraisement, conditioned that he will faithfully administer such community estate, and pay over one half the surplus thereof after the payment of the debts, with which the whole of said property is properly chargeable, to such person or persons as shall be entitled to receive the same.

"Art. 2226 (2171). When any such inventory, appraisement, list of claims and bond are returned to the county judge, he shall, either in term time or vacation, examine the same and approve or disapprove them, by an order to that effect entered upon the minutes of the court, and when approved the same shall be recorded on the minutes of the court, and the order approving same shall also authorize such survivor to control, manage and dispose of such community property in accordance with the provisions of this chapter.

"Art. 2227 (2172). When the order mentioned in the preceding article has been entered, such survivor, without any further action in the county court shall have the right to control, manage and dispose of such community property, real or personal, in such manner as may seem best for the interests of the estate, and of suing and being sued with regard to the same, in the same manner as during the lifetime of the deceased, and a certified copy of the order of the court mentioned in the preceding article, shall be evidence of the qualification and right of such survivor."

"Art. 2229 (2174). Any person interested in such community estate may cause a new appraisement to be made of the same, or a new bond may be required of the survivor for the same cause and in like manner as provided in other administrations."

"Art. 1840 (1789). The county court shall have the general jurisdiction of a probate court. It shall probate wills, grant letters testamentary or of administration, settle the accounts of executors and administrators and transact all business appertaining to the estate of deceased persons, including the settlement, partition and distribution of such estates.

"Art. 1841 (1790). The district court shall have appellate jurisdiction and general control in probate matters over the county court established in each county for the probating of wills, granting letters testamentary or of administration, settling the accounts of executors and administrators and for the transaction of business' appertaining to estates, and original jurisdiction and general control over executors and administrators under such regulations as may be prescribed by law."

The above articles have long been the law of Texas, and are quoted from the Revised Statutes of Texas of 1895.

The main question raised by the demurrer to the amended bill is whether the proceedings had in the county court of Erath county in the matter of the estate of M. V. Oldham, wife of F. C. Oldham, deceased, wherein the bond required from the surviving husband, F. C. Oldham, under the provisions of article 2225, was duly approved and entered and recorded upon the minutes of the court in accordance with article 2226, were absolutely void, or merely irregular. If void, the P. J. Willis & Bro. corporation acquired no title to the property claimed by appellants. If voidable or irregular only, then in this case the order of the county court of Erath county, approving the bond of F. C. Oldham, survivor, has the force of the thing adjudged, and cannot be collaterally attacked. It is to be noticed that by article 1840 the county court has the general jurisdiction of a probate court; and that by article 2226 the order of the county judge approving the bond of the surviving husband for the administration of the community is to be spread upon the minutes, making it substantially the judgment of the court; and that by article 1841 the district court is restricted to appellate jurisdiction in probate matters, except with original jurisdiction and gen-

eral control over executors and administrators, under such regulations as may be prescribed by law.

Under similar provisions, the supreme court of the state of Texas, in Buchanan v. Bilger, 64 Tex. 589, 591, held:

"It is now the well-settled doctrine of this court that the district court has no original jurisdiction to revise and correct the proceedings, orders, and decrees of a county court sitting in matters of probate. Its jurisdiction in this respect is entirely appellate, and to be exercised by means of an appeal or writ of certiorari, as provided in the Revised Statutes."

In Jordan v. Imthurn, 51 Tex. 286, Pratt v. Godwin, 61 Tex. 334, and Cordier v. Cage, 44 Tex. 534, the same court decided that irregularities in proceedings in the county court had by a surviving husband, to qualify himself to dispose of the community estate after the death of his wife, will not vitiate a sale of the community property. In Jordan v. Imthurn the court says:

"It was an irregularity to have taken a bond for an amount less than the appraised value of the property, but, in our opinion, not sufficient, under the circumstances, to have rendered the proceedings void. The giving of the bond by the surviving husband, and its approval by the clerk, was in the nature of a judicial proceeding, which should not be held void on a collateral attack. It seems to have been given and accepted in good faith, to have been acted upon and acquiesced in by all parties interested, and no direct proceedings taken to avoid it, and have a new or additional one given."

In Green v. Grissom, 53 Tex. 435, in dealing with questions arising under the same statutes, the supreme court says:

"This court has firmly upheld proceedings under this and subsequent statutes on this subject, where they seem to have been taken in good faith, for the legitimate purposes contemplated by these acts, and when in substantial compliance with their spirit and intention."

In the proceedings recited in the bill in this case, in view of the above-quoted statutes and decisions, it cannot be contended that the county court of Erath county was without jurisdiction in the premises, or that the acceptance and approval of the bond of F. C. Oldham, as survivor in community, was beyond its jurisdiction. If the county court had jurisdiction in the matter, it follows that its decision, that the bond in question was good and sufficient, cannot be questioned in any other court except in the exercise of an appellate jurisdiction. As this suit was instituted in the district court of Erath county, not by way of appeal from or by certiorari to the county court, it is clear that the district court of Erath county was without jurisdiction to inquire into and pass upon the sufficiency of the bond in question.

The case concedes that the P. J. Willis & Bro. corporation acquired the property in controversy from F. C. Oldham, survivor in community, after the inventory, appraisement, and bond were approved in the county court of Erath county. Therefore, so far as the amended bill shows, the title acquired by the said corporation was valid as against the heirs at law of M. V. Oldham, wife of F. C. Oldham. The demurrer to the amended bill appears to have been properly sustained. No other questions argued need be considered. The decree of the circuit court is affirmed.