J. W. CASTLEMAN v. ALBERT GOODWIN, ET AL.

No. 3379.  Decided January 23, 1923.

(246 S. W., 657.)

1.—Judgment—Probate Court—Collateral Attack.

In an action by heirs for the recovery of community property conveyed by the surviving wife, objections by plaintiffs to the probate proceedings under which she had conveyed as such survivor administering the community property and to the deed so made by her constituted a collateral, and not a direct attack upon the judgment of a court of competent jurisdiction over such estate, in which mere irregularities in the proceedings were not sufficient

to avoid their binding effect. Crawford v. McDonald, 88 Texas, 626, and other cases followed. (p. 329).

### 2.—Same—Community Property—Administration by Survivor—Bond.

Where the inventory and appraisement of community property, made on application of the surviving wife for authority to control and dispose of same, valued the items separately, but by mistake in addition the recited aggregate was too small, and the—wife's bond, given for such recited aggregate and duly approved by order of the court, was for less than the total appraised value of the property, such insufficiency in the amount of the bond was a mere irregularity in the proceedings which did not render the order of approval or her conveyance in pursuance of their authority void and subject to collateral attack. Jordan's Exrs. v. Imthurn, 51 Texas, 276; Texas Pacific Coal & Oil Co. v. Norton, 238 S. W., 273; followed. (pp. 329, 330).

### 3.—Community Property—Administration by Survivor Under Bond—Judgment.

The management and disposal of community property by the survivor, under bond and power therefor given by the probate court in accordance with the statutes (arts. 3596, 3597, 3602, 3603, 3605, 3612) is recognized by them as a form of administration of estates of decedents. Such survivor qualifying in accordance with the statutes is entitled to judgment and is recognized by them as an administrator. A judgment which, following compliance with the statute, declared such survivor entitled to letters of administration and directed their issuance, but did not specifically authorize her to control, manage, and dispose of the community property, was merely irregular in form, and was not subject to collateral attack in a suit by heirs to recover their interest in community property conveyed by the survivor under the authority so conferred, and it was error to exclude such judgment and deed when offered in evidence. (pp. 330-332).

### 4.—Certified Question.

Though questions certified to the Supreme Court are not propounded for answer in case only of a negative answer to others, yet where such answer, being affirmative, renders reply to them immaterial, it will not be necessary to consider them. (p. 332).

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Stephens County.

The Supreme Court having referred the questions to the Commission of Appeals, Section A, adopts its opinion and certifies same as its answer to the questions.

*Veale, Caldwell, Bateman & Evans*, and *Wm. J. Berne*, for appellant.

The application for administration in the estate of S. J. Goodwin, deceased; the order appointing appraisers therein; the inventory, appraisement and list of claims filed therein; the order approving the inventory, etc,; the bond filed by Mrs. Goodwin; and the order approving the bond; are not inadmissible in evidence for want of an order of the probate court in terms authorizing Mrs. Goodwin to control, manage and dispose of said community estate. This is true because the application for community administration; the inventory, appraisement and list of claims filed by the appointed ap-

praisers; and the bond filed by the survivor; which bond, inventory, etc., were duly approved by an order entered on the minutes; conferred upon Mrs. Goodwin, as a matter of law, the power to administer the community estate of her deceased husband and herself.

*Jno. W. Hill,* for appellees.

The bond of a survivor in community must be in an amount equal to *the appraised value of the whole of the community estate.* Art. 3598 (V. S. C. S.), Art. 2225 (1895), Art. 2170 (1879); Brown v. Seaman, 65 Texas, 629.

"When any such inventory, appraisement, list of claims and bond are returned to the county judge, he shall, either in term time or vacation, examine the same and approve or disapprove them by an order to that effect entered upon the minutes of the court, and when approved the same shall be recorded upon the minutes of the court, and the order approving the same shall also authorize such survivor to control, manage and dispose of such community property in accordance with the provisions of this chapter." Rev. Stats., Art. 3599.

Art. 2172 (1879) Art. 3600, V. S. C. S. "When the order mentioned in the preceding article has been entered, such survivor, without any further action in the county court, shall have the right to control, manage and dispose of such community estate, real or personal, etc."

Now then, when shall the survivor have the right to manage, control and dispose of the property? This is an important question and it seems to us the pivotal one in this case. It also appears that the answer to this question is embodied so plainly in the two articles cited above, that no one has sought to have it construed since the statutes of 1879 were adopted.

MR. JUDGE GALLAGHER delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals for the Second District has certified to the Supreme Court the questions hereinafter set out. The facts upon which said questions are based are set out at length in the certificate. So far as necessary to a proper consideration of said questions, such facts are as follows:—

The parties are designated as in the trial court. S. J. Goodwin died intestate in Stephens County on January 25, 1910. His wife, Mrs. Lillie Goodwin, and nine children, eight of whom were minors at the time, survived him. The deceased, with his family, resided at the time of his death on a tract of land situated in said county, consisting of 320 acres, the same being community property. He owned no other real estate. Mrs. Lillie Goodwin, on August 2, 1910, in the County Court of Stephens County, attempted to qualify under

the statute as survivor of the community estate of herself and her deceased husband. The sufficiency of these proceedings to authorize her to make a valid conveyance of the land belonging to the community is the primary issue in this case.

On October 27, 1910, Mrs. Lillie Goodwin, purporting to act for herself and as duly qualified survivor of the community, conveyed said land by general warranty deed to defendant, R. E. Singleton, who took and held actual possession thereof until October 16, 1915, when he conveyed it by special warranty deed to defendant, J. W. Castleman, who, in turn, took and held actual possession thereof until the time of trial. The consideration for the deed from Mrs. Goodwin to Singleton was the assumption of indebtedness against said land in the sum of 1080.00 unpaid purchase money, a note for $600.00 and another tract of land situated about a mile distant therefrom, consisting of 158 acres encumbered, in the sum of $800.00.

All the property owned by deceased at the time of his death was community. It consisted, in addition to said land, of seven head of horses and mules valued at $550.00; twelve head of cattle valued at $120.00; household goods valued at $100.00; $550.00 in cash; and solvent notes in the sum of $800.00. The deceased, in addition to the above unpaid purchase money on said land, owed several small debts, which, together with the funeral expenses, amounted in the aggregate to $312.00.

The children of the deceased who were minors at his death, on August 7, 1919, instituted suit against defendants, R. E. Singleton and J. W. Castleman, to recover 8/18th of said 320 acre tract of land as heirs of their deceased father.

The defendants answered by general denial and by pleas of limitation based on the three, four and five year statutes. There was a trial by jury, an instructed verdict for the plaintiffs and judgment in accordance therewith. From this judgment defendant, Castleman, appealed.

The defendants, on the trial of the case, offered in evidence the proceedings in the County Court by which Mrs. Goodwin attempted to qualify as statutory survivor of the community. These proceedings consisted of the following:

(a) An application to the Judge of the County Court of said county by Mrs. Lillie Goodwin, which recited the death of the deceased, the names and ages of his nine children; that he died intestate; that petitioner was his wife and that there was a community estate between them, and prayed the court to appoint three appraisers to appraise said estate as in other administrations.

(b) An order of the court appointing three persons to appraise the estate of the deceased.

(c) An inventory and appraisement filed in said court which recited that it was an inventory and appraisement of the community

estate of S. J. Goodwin, deceased, and his surviving wife, Lillie Goodwin, and was so verified both by the appraisers and Mrs. Goodwin. The several items of property and the claims belonging to said community estate were set out and separately valued therein and amounted in the aggregate to $5,120.00, but apparently by an error in addition the total amount of said inventory was recited to be the aggregate sum of $4,120.00. The debts owed were also listed as required by the statute and including the unpaid purchase money on said land, amounted to $1,392.00. This instrument further recited that the value of the community property, after deducting the indebtedness against the same was $2,728.00.

(d) An order of the court approving said inventory.

(e) A bond payable to the county Judge of said county signed by Mrs. Goodwin as principal, and three others as sureties, and approved by said County Judge in the sum of $2,800.00, "Conditioned that she, the said Lillie Goodwin, wife of said S. J. Goodwin, deceased, will faithfully administer the community property of herself and the said S. J. Goodwin, deceased, and pay over one-half of the surplus thereof after the payment of the debts with which the whole of said property is chargeable to such a person or persons as shall be entitled to recover the same."

(f) An order of the court reciting that said bond had been considered and that it was found correct and sufficient and approving same.

(g) An order of the court granting administration on the estate of S. J. Goodwin, deceased; declaring that Mrs. Lillie Goodwin was entitled to letters by law upon taking the oath required by law and giving bond in the sum of $2,800.00, and directing the clerk to issue letters when she had duly qualified.

(h) Entries on the probate docket of the court in said cause showing the filing of application, appointment of appraisers, filing of bond and approval of the inventory on August 2, 1910.

The order granting administration on the estate of the deceased and granting letters to Mrs. Goodwin was in the usual and approved form for appointing administrators in cases of regular administrations. It did not, neither did the order of the court approving the inventory and appraisement, or the order of the court approving her bond, authorize her to control, manage and dispose of the community estate. All the instruments above recited bore file mark dated August 2, 1910 and all said orders bore the same date.

Plaintiffs objected to each instrument and each order so offered on the ground that there was no order on the minutes of the probate court authorizing said survivor to control, manage and dispose of said estate and they objected to the bond on the further ground that it was insufficient in amount. The court sustained these objections and excluded all of said evidence except the inventory, which was

admitted for the sole purpose of showing the assets of the community estate and the debts of the same.

Defendants also offered in evidence a nunc pro tunc order made by the Judge of said court in vacation, on May 29, 1918, reciting the facts substantially as hereinbefore set out, and as of date August 2, 1910, "authorized the said Lillie Goodwin as community survivor of the estate of herself and her deceased husband, S. J. Goodwin, to manage, control and dispose of said community estate in accordance with the Revised Statutes of this State."

Plaintiffs objected to the admission of this order in evidence on various grounds and the court sustained the objection.

Defendants also offered in evidence deed of Mrs. Goodwin purporting to act for herself and as duly qualified survivor of said community estate, conveying the land involved in this suit to R. E. Singleton, and also the deed of Singleton and wife to defendant, J. W. Castleman, conveying said land to him.

Plaintiffs objected to the admission of these deeds in evidence on various grounds, the principal one being that Mrs. Goodwin's qualification as survivor was void and did not authorize her to convey, and the court excluded both of the same.

Defendants offered in evidence instrument dated January 27, 1911, signed and acknowledged by Bill Goodwin, one of the plaintiffs, reciting the probate proceedings above set out, the receipt of his full share of the community property, and releasing and quit-claiming said land to Mrs. Goodwin. They also offered a similar instrument dated September 7, 1912, signed and acknowledged by Mattie Joe Goodwin, who afterwards, on July 31, 1914, married W. A. Havins, both she and her husband being plaintiffs in the suit.

Plaintiffs objected to these instruments on various grounds and the court excluded the same.

Defendants excepted to each of the rulings of the court above set out and preserved their exceptions by proper bills and defendant, Castleman, assigned each of said rulings as error on said appeal.

Mrs. Goodwin testified on the trial that at the time she disposed of the land involved in this suit she had some stock she could have sold, four bales of cotton in the field, and some money but not much; that she could have paid the indebtedness on the place, but that she traded or sold it because she did not want to live on it; and that after her husband's death and prior to the execution of the deed to Singleton she kept a boarding-house in Breckenridge several months and lost considerable money in doing so.

Based on the facts above set out, the Court of Civil Appeals certifies the following questions:—

"1. Did the trial court err in excluding the proceedings, offered by the defendant Castleman, of the probate court hereinabove mentioned?"

"2.  Did the trial court err in excluding the evidence of the nunc pro tunc order. entered in the county court of Stephens county, May 29, 1918?"

"3.  Did the trial court err in excluding the two deeds by Bill Goodwin and his. sister, Mattie Joe Goodwin?"

"4.  Did the trial court err in excluding the deeds from Mrs. Lillie Goodwin to R. E. Singleton and the deed from R. E. Singleton and wife to J. W. Castleman?"

"5.  Was the trial court authorized to give a peremptory instruction against defendants upon the facts hereinbefore and hereinafter stated, in view of the law that even in the absence of any community administration Mrs. Goodwin would have been authorized to sell the community property for the purpose of paying community debts?"

The first and principal issue presented by the questions certified is whether the proceedings in the County Court of Stephens County, offered in evidence and excluded by the court, were sufficient to invest Mrs. Goodwin with authority to dispose of the community estate of herself and her deceased husband, or whether they were so defective as to show on their face that they were void. Plaintiffs' attempt to escape the binding force and effect of such proceeding by objection to their admission in evidence was not a direct but only a collateral attack thereon. The court in which such proceedings were had was a court of general jurisdiction in probate matters. It had jurisdiction of the community estate of the deceased and authority to qualify the wife as survivor of the community. Such being the case, mere irregularities in the proceedings were not sufficient to avoid their binding effect. Crawford v. McDonald, 88 Texas, 626, 630-1, 33 S. W., 325; Pratt v. Goodwin, 61 Texas, 331, 335; Texas Pacific Coal & Oil Co. v. Norton, 238 S. W., 273, 275. (Writ refused.)

The specific defects in the proceedings in question relied on by plaintiff to avoid their effect and render them void and ineffectual to authorize Mrs. Goodwin to convey the community property are the fact that the bond is not in double the entire appraised value of the community estate, as shown by the inventory, and the fact that no order of the court in such proceedings expressly authorized her to manage, control and dispose of said estate.

There is no intimation that Mrs. Goodwin and her sureties in giving, and the court in approving, her bond, acted other than in perfect good faith and with the purpose and intent of complying with the requirements of the statute. While there was an error in adding the respective values of the several items of the inventory, there is nothing to indicate that such error was discovered at the time. The bond executed by Mrs. Goodwin and her sureties and tendered to and approved by the court is in a sum slightly in excess

of the net value of the community estate, accepting the total value of the estate as shown by such inventory as correct. The court, in its order approving such bond, recited that it had been considered and found correct and sufficient. Such order was a judgment of a court of competent jurisdiction holding the bond sufficient and it is not subject to attack in a collateral proceeding. The fact that such bond was not in a sum equal to the whole value of the community estate was a mere irregularity and did not affect the validity of her conveyance to Singleton of the land involved in this suit. Jordon's Exrs. v. Imthurn, 51 Texas, 276, 287; Texas Pacific Coal & Oil Co. v. Norton, 238 S. W., 273, 275. (Writ refused.)

Does the fact that none of the orders entered by the court in the proceedings under consideration expressly authorized Mrs. Goodwin to control, manage and dispose of the community estate render such proceedings void and invalidate said conveyance?

All such proceedings were had in the same cause, in the same court and on the same day. The court did enter orders approving the inventory and appraisement and the bond tendered by said survivor as required by the statute. It did not add to either of said orders an express declaration that Mrs. Goodwin was authorized to control, manage and dispose of said estate. The court did, however, in addition to the orders above referred to, enter an order granting administration on the estate of the deceased, declaring Mrs. Goodwin entitled to letters of administration thereon and directing the clerk to issue the same when she had qualified according to law. The chapter of the statutes prescribing the requirements for qualification of survivors, and granting the powers resulting from a compliance therewith, is entitled, "Administration of community property." The various articles of said chapter direct that the court shall appoint appraisers "as in other administrations," that the inventory and appraisement shall be returned within 20 days thereafter "as in other administrations," that the survivor may be required to give a new bond "as in other administrations," that the survivor shall pay the community debts in the order prescribed "in other administrations," that after the expiration of twelve months from the date of the bond any person entitled to a share of such estate shall be entitled to a partition and distribution thereof "as in other administrations," and, that when the survivor has been cited by a creditor to make an exhibit and shall show by such exhibit that the estate has been fairly administered in conformity to law and that there remains no further property for the payment of debts, the court, on approving such exhibit, "shall declare such administration closed." Rev. Stats. Arts. 3596, 3597, 3602, 3603, 3612 and 3605. It has been expressly held that a survivor who qualifies under the statute is an administrator within the meaning of the statutes sus-

pending limitation for one year after the death of a person against whom a cause of action exists, unless an administrator or executor shall have sooner qualified. Clark v. First National Bank (Com. Apps.) 210 S. W., 677, 679.

Various defects in such proceedings have been from time to time considered by our courts and held to be irregularities only. Thus, it has been held that the fact that property was omitted from the inventory was immaterial and did not vitiate the sale of other property included therein. Cordier v. Cage, 44 Texas, 532. It has also been held that the fact that the surviving wife did not sign or swear to the inventory was a mere irregularity and was immaterial and did not affect the validity of her deed to community property when attacked in a collateral proceeding. Green v. Grissom, 53 Texas, 432. It has also been held that the fact that the bond by the survivor in qualifying under the statute recited that such survivor had been duly appointed administrator of the estate of deceased, and that it was conditioned for the performance of all the duties required by law under such appointment, as required in ordinary administrations instead of being conditioned for the faithful administration of the community estate and the payment of one-half of the surplus thereafter, after the payment of debts to persons entitled to receive the same, as required in case of qualification under the survivorship statute, constituted a mere irregularity and did not affect the validity of a deed by the survivor conveying community property belonging to such estate. Townsend v. Willis & Bro., 24 C. C. A., 369, 78 Fed., 850.

Art. 3593 declares in express terms that when the wife dies leaving a surviving husband and a child, or children, the husband shall have the exclusive management and control of community property as in her lifetime, subject to the provisions of said chapter on community administration. The provisions of that chapter require him to make an application for the appointment of appraisers, the contents of which are prescribed, to return a correct inventory and appraisement and to tender a proper bond. When he has done so it is the duty of the court to approve the same by an order entered on the minutes and in such order to authorize said survivor to control, manage and dispose of the estate. No authority is given the court to grant or withhold such authority at his discretion. When such order is entered the statute declares such survivor shall have such power and authority. Rev. Stats., Arts. 3599, 3600. The surviving wife has the same right under said articles as the husband. Rev. Stats., Art. 3611.

It is clear from the proceedings in question when considered as a whole that the court did not attempt to withhold from Mrs. Goodwin the power and authority resulting from her compliance with the

statute. On the contrary, we think it clear that the court intended by the order granting her letters of administration to recognize and confirm to her such power and authority. We think the fact that such order is in the form of a grant of letters in cases of ordinary administration and does not in terms authorize her to manage, control and dispose of the community property, is a mere irregularity and in no way affected her authority resulting from her substantial compliance with the requirements of the statute, to make a valid conveyance of the land involved in this suit. Rev. Stats., 3594; Townsend v. Willis & Bro., *supra;* Pratt v. Goodwin, supra, and the several other authorities cited above.

Defendants being entitled to have said proceedings in the County Court admitted in evidence, they were also entitled to have the deed from Mrs. Goodwin conveying the land in question to Singleton, and his deed conveying the same to Castleman admitted in evidence. None of the objections urged justified their exclusion.

We recommend that the first and fourth questions certified be answered as follows:—

1st: The trial court erred in excluding the proceedings of the probate court offered by the defendants as above set out.

4th: The trial court erred in excluding the deed from Mrs. Lillie Goodwin to R. E. Singleton and the deed from R. E. Singleton and wife to J. W. Castleman.

The certificate does not state that the 2nd, 3rd and 5th questions certified are propounded for answer only in event the first question is answered in the negative, but the issues presented therein are immaterial in view of an affirmative answer to said first question. It is, therefore, unnecessary to consider said questions.

BY THE SUPREME COURT.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.