CLIFF D. CATES V. E. B. CLARK ET AL.

Application No. 17330. Decided January 7, 1931.
(33 S. W., 2d Series, 1065.)

*Patterson & Cates,* for plaintiff in error.

*C. T. Gettys, W. C. Shults* and *M. W. Burch,* for defendants in error.

PER CURIAM: Articles 3661, etc. of Chapter 27, R. S. 1925, provide means and method of an administration of community property. Article 3663 expressly provides that when the wife dies leaving a surviving husband and a child, or children, the husband shall have the exclusive management and control of the community property, subject to the provisions of said chapter on community administration. The provisions of that chapter require him to make an application for the appointment of appraisers, to return a correct inventory and appraisement and to tender the proper bond. When this is done it is the duty of the court to approve the same by an

order entered on the minutes, and in such order authorize said survivor to control, manage and dispose of the estate. The provisions of the law are plain and no authority is given the court to grant or withhold such authority at his discretion. When such order is entered the statute declares such survivor shall have such power and authority.

The record in this case shows that Vick Gentry, wife of J. L. Gentry, died on December 10th, 1917, and left surviving her, J. L. Gentry, her husband, and one minor son, Floyd Gentry, 19 years of age. That an application was made by J. L. Gentry to be appointed as community survivor; that appraisers were appointed and a bond was required. An inventory and appraisement of the property was made and the bond executed; that both inventory and appraisement and bond were duly approved as required by law, and the Court ordered "that J. L. Gentry, as community administrator of said estate is empowered to manage, control and dispose of said estate at his will and to exercise any authority granted by law in such cases."

It is well settled in this State that the court in which such proceedings were had was a court of general jurisdiction in probate matters. It has jurisdiction of the community estate of the deceased and authority to qualify the husband as survivor of the community. In view of the broad powers conferred by statute regulating such matters mere irregularities in the proceedings were not sufficient to avoid their binding and legal effect. Castleman v. Goodman, 112 Texas, 323, 246 S. W., 657; Crawford v. McDonald, 88 Texas, 626, 33 S. W., 325; Pratt v. Goodwin, 61 Texas, 331; T. P. Coal Co. v. Norton, 238 S. W., 273 (Writ Ref.); Jordan v. Imthurn, 51 Texas, 276.

The trial court found, among other things, that there was a community estate belonging to J. L. Gentry and wife consisting of two lots in Decatur, Texas, and a farm of 142½ acres in Wise County, and that the farm had an incumbrance thereon of $1,500.00, together with some interest due thereon, owing to a loan company. The Court further found that J. L. Gentry made advances and payments of money to Floyd Gentry to be applied in satisfaction of the interest Floyd Gentry had in the community estate, and same equaled the value of Floyd Gentry's interest in the estate long before Cliff D. Cates procured his judgment against Floyd Gentry; and at the time the judgment was procured Floyd Gentry had received from his father, not only the full value of his interest in the

community estate, but considerable funds in addition thereto. That in consideration of the sums of money paid and advanced to him by his father for his interest in the estate Floyd Gentry conveyed to his father all interest he had in the 142½ acres of land. The Court further found that none of the conveyances were made with the intent to hinder, delay or defraud the creditors of the said Floyd Gentry, nor to defraud Cliff D. Cates as such creditor. That J. L. Gentry did not know at the time of making and consummating the sale of the lands to Clark that any suit had been brought by Cates or that it was pending.

In view of this record and the findings of fact made by the trial court, under the well recognized rule of law, it is presumed that in support of such judgment entered, all facts were found in favor of the defendants in error, which have any support in the evidence.

Rehearing upon application for writ of error overruled.