## EDDINGSTON v. ALLEN et al.
### No. 10546.

Court of Civil Appeals of Texas. Galveston.
March 30, 1939.

Allen, Helm & Jacobs and Ira J. Allèn, all of Houston, for plaintiff in error.

Willard L. Russell, of Houston, for defendant in error Edw. S. Boyles.

Elliott Cage and Walter F. Brown, both of Houston, for defendants in error Elliott Cage and N. T. Masterson.

Fulbright, Crooker & Freeman, of Houston, for defendant in error S. M. Allen.

GRAVES, Justice.

After a careful reconsideration of this cause, it has been determined to substitute the following opinion for the original one rendered herein on January 6, 1939:

Disposition of this cause was unavoidably delayed by a concurrence of the physical disability of former Chief Justice PLEASANTS and the disqualification to sit therein of Associate Justice CODY; now, however, the majority of the court as at present constituted have given it prompt hearing, pursuant to new oral arguments from both sides.

This appeal is from a judgment of the 113 District Court of Harris County, in a bill-of-review proceeding, refusing to reinstate a garnishment-suit originally instituted in the name of A. T. Eddington, as garnisher, v. S. M. Allen, as garnishee, upon a judgment held by Eddingston against Neill T. Masterson, which garnishment-suit had been dismissed by the district court of Harris County in July of 1932; in its decree the learned trial court, in part, made these recitations:

" * * * and, the matters in controversy, as well of fact as of law, having been submitted to the court, and the pleadings, the evidence, and the argument of counsel having been heard and considered, and the cause having been taken under advisement by the court, it is, on this, the 2nd day of January, 1936, considered, ordered, adjudged and decreed by the court as follows, towit:

"The court finds that the plaintiff is not entitled to the bill of review sought by her and is not entitled to have the judgment of dismissal heretofore entered in cause No. 116,170-a, styled A. T. Eddingston v. S. M. Allen, garnishee, set aside.

"It is therefore ordered, adjudged, and decreed by the court that plaintiff, Mrs. A. T. Eddingston, * * * take nothing by her suit and that her prayer that the judgment of dismissal heretofore entered on July 25, 1932, in cause No. 116,170-A, styled A. T. Eddingston v. S. M.· Allen, garnishee, et al., be set aside, be, and the same is, hereby denied."

In addition to the findings thus stated in the decree itself, the court further supported its action by findings-of-fact and conclusions-of-law, of which the material parts are these:

"Findings of Fact:

"I find as a fact that the Bill of Review filed by Mrs. A. T. Eddingston was of date July 24, 1934. I find as a fact that the date of the dismissal desired to be set aside was July 25, 1932, approximately two years after the dismissal of such cause. I further find as a fact that she does not allege that plaintiff or plaintiff's attorney acted with reasonable promptness after the discovery by them, or either of them, of such dismissal. I further find as a fact that notice of dismissal was duly given in the Daily Court Review of Houston, Texas, and was duly posted in the court room where such dismissal occurred. I further find as a fact that several terms of the District Court of Harris County, Texas, wherein such dismissal occurred, have passed since the dismissal of such cause.

"Conclusions of Law:

"The court concludes as a matter of law that it is necessary under the doctrine pronounced by the Commission of Appeals in the case entitled Osborn v. Younger, 235 S.W. 558, that an applicant in equity seeking to set aside a judgment of dismissal for want of prosecution, must establish by pleadings and proof three elements, each of which is indispensable to the cause of action, to-wit:

"1. 'That in her original petition in the suit dismissed she alleged facts which, if true, would have entitled her to judgment against defendant,· * * *.'

"2. 'That the dismissal of the original suit was not on account of negligence on her part.'

"3. 'And it must also appear that she was reasonably diligent in seeking a reinstatement of the case during the term when it

was dismissed or just as soon as information came to her that the court had dismissed the case.'

"I therefore conclude as a matter of law that the Bill of Review in this cause should be in all things overruled."

■ The plaintiff in error did not except to or attack any of the quoted findings either of fact or of law in the trial court; neither did she request that court to make any others of either sort; on the contrary, she merely excepted to this adverse judgment below, gave notice of appeal therefrom, and came here for a review of it on four assignments of error, all of which challenge alone this single one of the stated findings as to the sufficiency of her pleading: "I further find as a fact that she does not allege that plaintiff or plaintiff's attorney acted with reasonable promptness after the discovery by them, or either of them, of such dismissal."

In other words, each of the four assignments presented here complains for the first time that the court below erred in respect to its construction of the pleadings in the particular specified, and in no other respect; there being no assignment questioning the sufficiency of the evidence to sustain the judgment rendered, or asserting the judgment to be either without any support therein, or to be so against the weight of the evidence as to be clearly wrong.

In such a situation, under well settled authority, there being no fundamental error apparent upon the face of the record, and the pleadings being at least sufficient to confer jurisdiction over the parties and subject matter, as well as power on the court to render the judgment it did, it will be conclusively presumed on appeal that the judgment of the trial court is in all things supported by the evidence. Peevehouse v. Smith, Tex.Civ.App., 152 S.W. 1196; Shaw v. Centerfield Oil Co., Tex.Civ.App., 10 S.W.2d 144; Coleman Mutual Aid Ass'n v. Muse, Tex.Civ.App., 67 S.W.2d 393; Robertson v. Hughes, Tex.Com.App., 231 S.W. 734.

■ The vice in plaintiff in error's position is that it assumes the trial court's adverse judgment to have been based solely upon this lone and inconclusive recitation as to the omission in her pleadings, whereas, both the showing in this record and the settled presumption of law in like circumstances is just the other way—that is, that the judgment was grounded on all the findings, inclusive of those stated and all others necessary to support the judgment that could be inferred from evidence in the record.

■ In this instance, the major ones stated, as shown supra, were these three: (1) That the judgment of dismissal was rendered on July 25 of 1932, of which fact plaintiff in error and her attorneys had due notice, but permitted several terms of court to pass before filing the bill of review; (2) that notice of such dismissal was duly given in the Daily Court Review of Houston, and was duly posted in the courtroom where such dismissal occurred; and (3) that the plaintiff in error was neither entitled to the bill of review sought by her, nor to have the judgment of dismissal of the garnishment-suit, to which it related, set aside; Cates v. Clark, 119 Tex. 519, 33 S.W.2d 1065; Graham National Bank v. Beavers, Tex.Com.App., 290 S.W. 529.

These conclusions alone determine the merits of the appeal and render unnecessary a specification and discussion of a number of further findings clearly inferable from the statement of facts that would also—under the legal presumption referred to —require an upholding of the appealed-from judgment.

The motion will be granted, this court's former judgment and opinion set aside, and the learned trial court's judgment affirmed.

Rehearing granted, prior reversal set aside, and trial court's judgment affirmed.

CODY, J., disqualified and not sitting.